William Lewis SMITH,
Plaintiff–Appellant,

v.

Jon P. GALLEY, individually and in his official capacity as Commissioner of the Division of Corrections Department of Public Safety and Correctional Services; George H. Collins, individually and in his official capacity as Warden of the Maryland Penitentiary; Commander Captain Carpenter; R. Victor,

Sergeant, individually and in his official capacity as Correctional Officer of the Maryland Penitentiary; Arnold Turner, Sergeant, individually and in his official capacity as Correctional Officer of the Maryland Penitentiary; R. Hall, Officer, individually and in his official capacity as Correctional Officer of the Maryland Penitentiary; R. Brown, Officer, individually and in his official capacity as Correctional Officer of the Maryland Penitentiary; Officer Jackson, individually and in his official capacity as Correctional Officer of the Maryland Penitentiary; Officer Wilkins, individually and in his official capacity as Correctional Officer of the Maryland Penitentiary; Wayne S. Barry, as Medical Doctor of the Maryland Department of Corrections, individually and in his official capacity; Robert Ellis, as Psychologist, of the Maryland Department of Corrections, individually and in his official capacity as Doctor of the Maryland Penitentiary; Daniel Porecki, as Psychiatrist, of the Maryland Department of Corrections, individually and in his official capacity as Doctor of the Maryland Penitentiary, Defendants–Appellees.

No. 88–7096.

United States Court of Appeals, Fourth Circuit.

Argued April 3, 1990.

Decided Nov. 29, 1990.

Rehearing and Rehearing En Banc Denied Dec. 26, 1990.

**894**

James Kress, Student Counsel, Appellate Litigation Program, Georgetown University Law Center, argued (Steven H. Goldblatt, Director, Cynthia S. Mauzur, Supervising Atty., Brian G. Holland, Student Counsel, Appellate Litigation Program, Georgetown University Law Center, on brief), Washington, D.C., for plaintiff-appellant.

Glen K. Allen, Piper & Marbury, argued (David H. Baumberger, Piper & Marbury, on brief), Baltimore, Md., for defendants-appellees.

Before RUSSELL and WIDENER, Circuit Judges, and SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

William Smith prosecutes his appeal from two adverse orders of the district court in his action under 42 U.S.C. § 1983. Because Smith did not properly perfect his appeal, we are without jurisdiction to consider the orders in question and we therefore dismiss the appeal.

William Smith, an inmate at the Maryland State Penitentiary, suffers from a psychogenic pain disorder that, although psychological in nature, causes him severe pain and prevents him from walking. After two prison psychologists decided to deny Smith the use of a wheelchair, Smith brought this action, pro se, pursuant to 42 U.S.C. § 1983 against Commissioner of Corrections Jon Galley, Warden George Collins, staff psychologists Robert Ellis and Daniel Porecki, seven correctional officers, and one private medical doctor, Wayne Barry. Smith alleged that, by denying him the use of a wheelchair, the defendants exhibited a deliberate indifference to his medical needs in violation of the eighth amendment to the Constitution.[1]

Because Dr. Barry was employed not by the state but by a private medical group, the district court dismissed the case as to Dr. Barry because he could not have acted under color of state law for purposes of section 1983.[2] The claims against the remaining defendants proceeded to a trial before a jury. At the conclusion of Smith's case, the district court directed a verdict in favor of Galley, Collins, and three of the correctional officers. The district court also directed verdicts on the deliberate indifference claim as to the remaining four correctional officers, all prison guards.[3] The jury found that the psychologists, Ellis and Porecki, were deliberately indifferent to Smith's medical needs and awarded Smith $15,000 in damages. A judgment reflecting the district court's rulings and the jury's findings was entered on February 29, 1988.

On March 4, 1988, Ellis and Porecki filed a motion for judgment notwithstanding the

---

**1.** Smith also asserted another claim by alleging that several prison guards beat him. The trial jury found in favor of the guards on the issue, and Smith does not challenge that verdict on appeal.

**2.** The district court relied on our decision in *Calvert v. Sharp*, 748 F.2d 861 (4th Cir.1984), *cert. denied*, 471 U.S. 1132, 105 S.Ct. 2667, 86 L.Ed.2d 283 (1985). The Supreme Court later overruled *Calvert* in *West v. Atkins*, 487 U.S. 42,

108 S.Ct. 2250, 101 L.Ed.2d 40 (1988), which established that a private contract physician who provides medical services to state inmates may act under color of state law for purposes of section 1983.

**3.** Smith's excessive force claim was allowed to proceed against four of the guards. See note 1, *supra*.

verdict. On March 22, 1988, Smith, acting pro se,[4] filed a notice of appeal. The district court then entered an order on April 14, 1988, denying the psychologists' motion for judgment notwithstanding the verdict. Later, on May 4, 1988, Smith filed an informal brief in this court requesting "[a] new trial on all issues triable by Jury."

■ Federal Rule of Appellate Procedure 4(a)(4) provides that, if any party files a timely motion for judgment notwithstanding the verdict, a notice of appeal filed before disposition of the motion is ineffective and a new notice of appeal must be filed after the order is entered disposing of the motion.[5] Therefore, Smith does not take exception to the fact that his first notice of appeal was premature and had no effect. Smith contends, however, that his informal brief, which was filed in this court within thirty days of the district court's order disposing of the psychologists' motion for judgment notwithstanding the verdict, effectively substituted for a second notice of appeal.[6] Relying on his informal brief as a notice of appeal, Smith then challenges the district court's order dated December 26, 1984, which dismissed Dr. Barry as a defendant, and that part of the district court's February 29, 1988, order which entered judgment in favor of the prison guards on the deliberate indifference claim.

The requirements for a notice of appeal are set forth in Fed.R.App.P. 3(c):

(c) Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.

To avoid technical impediments to appellate review, courts construe Rule 3(c) liberally, especially when applied to papers filed pro se by an indigent prisoner. See *Coppedge v. United States*, 369 U.S. 438, 442 n. 5, 82 S.Ct. 917, 919 n. 5, 8 L.Ed.2d 21 (1962); *Fishbaugh v. Armour & Co.*, 185 F.2d 541, 542 (4th Cir.1950), *cert. denied*, 342 U.S. 914, 72 S.Ct. 361, 96 L.Ed. 683 (1952). Thus, Rule 3 is satisfied "by any statement ... that clearly evinces the party's intent to appeal" and which "accomplishes the two basic objectives of the Rule 3 notice requirement: (1) to notify the Court of the taking of an appeal; and (2) to notify the opposing party of the taking of the appeal." *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir.1974). Stated another way, the question we must resolve is whether Smith's informal brief is the "functional equivalent" of a notice of appeal under Rule 3(c). See *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988).

We believe for several reasons that the rationale for allowing other documents to substitute for a notice of appeal simply does not apply to Smith's informal appellate brief filed in this case. First, Smith's informal brief is a preprinted form that the clerk's office sent to Smith because he filed his premature notice of appeal pro se. See Loc. R. 34(b). Thus, the document was not

---

4. Smith was represented by appointed counsel at trial and in opposing the psychologists' motion for judgment notwithstanding the verdict. Smith filed his notice of appeal without consulting his lawyer. That notice of appeal was from an order of the district court entered March 15, 1988. The only order entered on March 15, 1988, concerned an extension of time for filing a request for attorneys' fees. We do not base our decision on this error, if any, however. See note 7, *infra*.

5. Fed.R.App.P. 4(a)(4) provides in part:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); ... the time for appeal for all parties shall run from the entry of the order ... granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

6. If Smith's informal brief is treated as a notice of appeal, it was timely filed. Fed.R.App.P. 4(a)(1) provides:

[T]he notice of appeal ... shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from.... If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.

the result of Smith's intent to initiate an appeal, but was merely Smith's response to this court's "Order to Proceed on Informal Brief." There can be no doubt, however, that the papers were filed by Smith as part of the appellate process.

Second, the normal solicitude afforded to pro se litigants is greatly diminished, even if not erased, in this case. When Smith's appointed counsel, who had just concluded Smith's successful opposition to the psychologists' motion for J.N.O.V., heard that Smith had filed a notice of appeal while the motion for J.N.O.V. was pending, he notified Smith by letter dated April 11, 1988, that

> Mr. Bell has informed me that you have attempted to appeal this matter. Although you did not send me a copy of this Notice of Appeal, I am certain from the circumstances that it is premature and thus void.... The Order denying the Motion for J.N.O.V. was entered April 13, 1988. This would give you up until May 13, 1988, before you must file an appeal.

Smith's counsel correctly advised Smith of his failure to perfect his appeal, and of the time remaining in which to correct his mistake. Smith, however, did nothing, and has provided no justification for his failure to heed counsel's advice.

■ Finally, in addressing this same issue in a case of first impression, the Fifth Circuit recently stated:

> Faced squarely with the issue, we now determine that an appellate brief will not substitute for a notice of appeal, even if it otherwise meets the requirements of Fed.Rules App.P. 3 and 4. The Federal Rules of Appellate Procedure envision the notice of appeal and the appellate brief as two separate filings. To collapse the two into one would, as the Eleventh Circuit implied, "eliminate en-

tirely the requirement for the filing of a notice of appeal."

*United States v. Cooper,* 876 F.2d 1192, 1196 (5th Cir.1989) (quoting *Florida Women's Medical Clinic, Inc. v. Smith,* 706 F.2d 1172, 1173 (11th Cir.1983)). *Contra Frace v. Russell,* 341 F.2d 901 (3d Cir.), *cert. denied,* 382 U.S. 863, 86 S.Ct. 127, 15 L.Ed.2d 101 (1965). We agree with the Fifth and Eleventh Circuits and we conclude that, although we should and do afford pro se litigants latitude where warranted, we are not free to rewrite the Federal Rules of Appellate Procedure. The requirements of Rule 3 are jurisdictional and are not subject to harmless error analysis. *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317 and n. 3, 108 S.Ct. 2405, 2409 and n. 3, 101 L.Ed.2d 285 (1988).

Accordingly, this appeal is

DISMISSED.[7]

---

**7.** Appellees also assert that Smith's informal brief fails to comply with Fed.R.App.P. 3(c)'s command to "designate the judgment, order or part thereof appealed from." The order dismissing Dr. Barry was entered in December 1984, while the order granting judgment to the guards was entered February 29, 1988. Smith's informal brief refers to none of the appellees or the respective orders specifically, however, but merely asks for "[a] new trial on all issues triable by Jury." Even if we refer back to Smith's premature notice of appeal to help fulfill this requirement, see *Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962), that notice mistakenly identifies the district court's March 15, 1988, order, which only extended the time for filing Smith's motion for attorneys' fees. In view of our disposition, we express no opinion on this issue. See note 4, *supra.*