946 F.2d 885
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Basil E. KING, Petitioner,
v.
SHANNON POCAHONTAS COAL COMPANY; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 91-2357.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 12, 1991.
Decided Oct. 22, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (89-2039-BLA)
 John P. Anderson, Princeton, W.Va., for petitioner.
 William T. Brotherton, III, Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., Priscilla A. Schwab, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Basil King petitions for review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. Respondent, Shannon Pocahontas Coal Company, has filed a motion to dismiss this appeal on the ground that it is untimely. We turn our attention first to this issue since it is potentially dispositive of all other issues.
 
 
 2
 A claimant may appeal to this Court from an adverse decision of the Board by filing a petition for review with the Court within sixty days of the Board's decision. 33 U.S.C. § 921(c), as incorporated into the Act by section 22(a), 30 U.S.C. § 932(a). The failure to file a petition for review within the sixty day period deprives the court of jurisdiction. See Adkins v. Director, Office of Workers' Comp. Progs., 889 F.2d 1360 (4th Cir.1989).
 
 
 3
 In this case, although King did not file the document intended to serve as the petition for review until 61 days after the Board issued its decision, we hold that papers submitted by King to the Court within the applicable period constituted the functional equivalent of a petition for review, thereby invoking our jurisdiction. Federal Rule of Appellate Procedure 15(a) requires that the petition for review identify the parties seeking review, the respondent, and the order to be reviewed. On March 25, 1991, within the sixty day period,[1] this Court received King's $100 filing fee, together with a separate sheet of paper listing the caption of the case: "RE: BASIL E. KING vs. SHANNON-POCAHONTAS COAL COMPANY and UNITED STATES DEPARTMENT OF LABOR/BENEFITS REVIEW BOARD/CIVIL ACTION No. ____," and providing his own name and address.
 
 
 4
 King's papers specifically listed the relevant parties, and stated that the appeal was from a decision of the Benefits Review Board. Although King's documents failed to specify the docket number of the Board decision from which review was sought, we conclude that the information provided was sufficient "to provide notice both to the opposition and to the court of the identity of the appellant or appellants." See Torres v. Oakland Scavenger Co., 487 U.S. 312, 318 (1988). See also Cobb v. Lewis, 488 F.2d 41, 45 (5th Cir.1974) (notice requirement met by any statement clearly evincing the party's intent to appeal). Thus, King filed a functional equivalent of a notice of appeal. See Smith v. Galley, 919 F.2d 893, 895 (4th Cir.1990) (finding an informal appellate brief insufficient as a notice of appeal), cert. granted, 59 U.S.L.W. 3865 (U.S.1991). We therefore deny Shannon's motion to dismiss the appeal.
 
 
 5
 Regarding the merits, the ALJ found the evidence of record insufficient to establish either pneumoconiosis or total disability due to pneumoconiosis. The Board affirmed the finding of no total disability and concluded that, in view of King's failure to establish this critical element of entitlement, it was unnecessary to review the finding of no pneumoconiosis. King's claim was reviewed under Part 718 of the applicable regulations.
 
 
 6
 The only affirmative medical evidence of disability was provided by Dr. Modi who, in his medical report, diagnosed interstitial pulmonary fibrosis secondary to coal dust exposure[2] and opined that King's lung disease would prevent him from returning to the mines.[3] The ALJ declined to adopt Dr. Modi's finding of disability on the ground that his opinion was "not sufficient to outweigh the opinions of doctors Vasudevan and Crisalli," who found no disability.
 
 
 7
 We agree with King's contention that the ALJ's disability analysis is inadequate because it fails to factor into the weighing process the lay testimony of record. The record in this case contains substantial testimony from King, a co-worker, and King's wife relating to the heavy rigors of King's coal mining work and the difficulties he had performing it. The ALJ's opinion does not discuss the effect of this evidence on the probative value of the various pieces of conflicting medical evidence.
 
 
 8
 Moreover, we cannot agree with the Board's conclusion that the ALJ's failure to consider this evidence is harmless by virtue of 20 C.F.R. § 718.204(d)(2). That section provides that in living miner's claims, total disability may not be established solely on the basis of lay testimony. The record in this case is not devoid of medical evidence indicative of disability, as evinced by the presence of Dr. Modi's report. We note that the ALJ did not discredit Dr. Modi's report or provide any indication that the report was entitled to no weight. Rather, the ALJ weighed his opinion against the conflicting evidence but found it insufficient, standing alone, to carry King's burden to establish disability. While we are aware that the record contains evidence which might support a finding of no disability, the outcome of this issue is uncertain in light of the ALJ's failure to consider all relevant evidence. See Fields v. Island Creek Coal Co., 10 BLR 1-19 (1987).
 
 
 9
 We therefore vacate the decision of the Board and remand for further consideration. We decline to address King's contentions relating to the ALJ's finding of no pneumoconiosis, since the Board has not yet reviewed that finding. See Dayton v. Consolidation Coal Co., 895 F.2d 173 (4th Cir.1990). We note that if the Board affirms the ALJ's finding of no pneumoconiosis, further action by the Board will be unnecessary. If, however, the Board finds that the ALJ committed error in finding no pneumoconiosis, further remand will be required so that the ALJ may reweigh the evidence relevant to disability.
 
 
 10
 Accordingly, the decision of the Board is vacated and the case is remanded for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 [1]
 The Board issued its decision on January 24, 1991
 
 
 [2]
 The ALJ found that King had over 27 years of coal mine employment
 
 
 [3]
 Arterial blood gas studies and pulmonary function studies produced nonqualifying values under the regulations