## SMITH *v.* BARRY ET AL.

No. 90–7477.   Argued December 2, 1991—Decided January 14, 1992

O'CONNOR, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and WHITE, BLACKMUN, STEVENS, KENNEDY, SOUTER, and THOMAS,

JJ., joined. SCALIA, J., filed an opinion concurring in the judgment, *post*, p. 250.

*Steven H. Goldblatt* argued the cause and filed briefs for petitioner.

*David H. Bamberger* argued the cause for respondents. With him on the brief were *J. Joseph Curran, Jr.*, Attorney General of Maryland, *Evelyn O. Cannon, Richard Kasten-dieck*, and *Glenn Bell*, Assistant Attorneys General, and *Glen K. Allen*.

JUSTICE O'CONNOR delivered the opinion of the Court.

Rule 3 of the Federal Rules of Appellate Procedure conditions federal appellate jurisdiction on the filing of a timely notice of appeal. In this case, we hold that a document intended to serve as an appellate brief may qualify as the notice of appeal required by Rule 3.

I

While an inmate at the Maryland State Penitentiary, petitioner William Smith filed a *pro se* action against two prison administrators, seven corrections officers, two state psychologists, and named respondent Dr. Wayne Barry, a private physician. Suing under 42 U. S. C. § 1983, Smith alleged that he suffered from a psychogenic pain disorder and that the defendants' refusal to provide him with a wheelchair constituted cruel and unusual punishment in violation of the Eighth Amendment. Smith further alleged that the officers used excessive force against him, also in violation of the Eighth Amendment.

The District Court dismissed Dr. Barry as a defendant on the ground that he did not act under color of state law when treating Smith and therefore was not subject to suit under § 1983. App. 5–6. The case proceeded to trial in 1988, following appointment of counsel. After Smith presented his case in chief, the District Court directed a verdict for the prison administrators and officers on Smith's wheelchair

claim, and for the administrators and three officers on his excessive force claim. The jury ultimately rejected Smith's excessive force claim against the four remaining officers. However, it found that the staff psychologists were deliberately indifferent to Smith's medical needs and awarded $15,000 in damages.

The two psychologists filed a timely motion for judgment notwithstanding the verdict (J. N. O. V.). Without consulting his attorney, and while the motion for J. N. O. V. was pending, Smith filed a notice of appeal. Smith's trial counsel learned of the notice of appeal after the District Court denied the psychologists' motion. In a letter dated April 21, 1988, he wrote Smith:

> "I am certain from the circumstances that [the notice of appeal] is premature and thus void.
>
> ". . . The Order denying the Motion for J. N. O. V. was entered April 13, 1988. This would give you up until May 13, 1988 before you must file an appeal. I would urge you to take by [sic] advice and not file an appeal, or at least seek a second legal opinion on the matter." App. 17.

Smith's notice of appeal was in fact invalid under Federal Rule of Appellate Procedure 4(a)(4), which provides that a notice of appeal filed before the disposition of a timely J. N. O. V. motion is without effect. Although the Fourth Circuit's jurisdiction had not been properly invoked, its Clerk responded to the notice of appeal by sending all of the parties copies of the "informal brief" the court uses in *pro se* appeals and an order explaining the court's procedures. The briefing forms asked the parties to answer six questions about their legal positions. Under its Rules, the Fourth Circuit reviews these responses and the record to determine whether appointment of counsel and/or oral argument are warranted. See CA4 Rule 34(b). Smith returned his infor-

mal brief to the Court of Appeals on May 4, 1988, within the deadline for filing a notice of appeal.

After appointment of appellate counsel, the Fourth Circuit dismissed Smith's appeal for want of jurisdiction. It held that Smith's notice of appeal was untimely and that his informal brief was not "the 'functional equivalent'" of the notice of appeal Rule 3 requires. *Smith* v. *Galley,* 919 F. 2d 893, 895 (1990) (quoting *Torres* v. *Oakland Scavenger Co.,* 487 U. S. 312, 317 (1988)). The court reasoned that Smith filed the informal brief in response to a briefing order and that the Federal Rules envision that the notice of appeal and the appellate brief will be two separate documents. 919 F. 2d, at 895–896. In a footnote, the court listed specific omissions that might render Smith's informal brief inadequate as a notice of appeal. *Id.,* at 896, n. 7. Given its conclusion that a brief can never be considered a notice of appeal, however, the Fourth Circuit expressed no opinion on the significance of these omissions. *Ibid.*

We granted certiorari, 501 U. S. 1249 (1991), to decide whether an appellate brief may serve as the notice of appeal required by Rule 3. This question has divided the Courts of Appeals. Compare *Smith* v. *Galley, supra; United States* v. *Cooper,* 876 F. 2d 1192, 1196 (CA5 1989) (appellate brief cannot substitute for notice of appeal); and *Jurgens* v. *McKasy,* 905 F. 2d 382, 385, n. 4 (CA Fed. 1990) (same), with *Frace* v. *Russell,* 341 F. 2d 901, 903 (CA3) (treating brief as notice of appeal), cert. denied, 382 U. S. 863 (1965); *Allah* v. *Superior Court of California,* 871 F. 2d 887, 889–890 (CA9 1989) (same); and *Finch* v. *Vernon,* 845 F. 2d 256, 259–260 (CA11 1988) (same).

## II

Federal Rule of Appellate Procedure 3(a) provides, in pertinent part, that "[a]n appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4." Rule 3(c) governs the

content of notices of appeal: Notices "shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."

Courts will liberally construe the requirements of Rule 3. See *Torres, supra,* at 316; *Foman* v. *Davis,* 371 U. S. 178, 181–182 (1962). Thus, when papers are "technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Torres, supra,* at 316–317. This principle of liberal construction does not, however, excuse noncompliance with the Rule. Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review. *Torres, supra.* Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal.

In this case, the Court of Appeals recognized that it was required to determine whether Smith's brief was the "functional equivalent" of the formal notice of appeal demanded by Rule 3, 919 F. 2d, at 895, but it erred in applying that standard. The court reasoned that because Smith filed his informal brief in response to a briefing order, "the document was not the result of Smith's intent to initiate an appeal." *Id.,* at 895–896. This logic is dubious, since Smith received the briefing form as a result of filing a notice of appeal, albeit a premature one.

More importantly, the court should not have relied on Smith's reasons for filing the brief. While a notice of appeal must specifically indicate the litigant's intent to seek appellate review, see *Foman, supra,* at 181; *Torres,* 487 U. S., at 317–318, the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts. See *id.,* at 318. Thus, the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal. If a docu-

ment filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.

The Fourth Circuit's other ground for dismissing Smith's appeal is also insufficient. The Federal Rules do envision that the notice of appeal and the appellant's brief will be two separate filings. Compare Fed. Rule App. Proc. 3(c) (content of notice of appeal) with Fed. Rule App. Proc. 28(a) (content of appellant's brief). They do not preclude an appellate court from treating a filing styled as a brief as a notice of appeal, however, if the filing is timely under Rule 4 and conveys the information required by Rule 3(c). Such treatment is in fact appropriate under *Torres* and under Rule 3(c)'s provision that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal."

Having accepted a paper as the notice of appeal required by Rule 3, an appellate court might require timely filing of a second document meeting its standards for a brief or, if the paper meets those standards, take such other action as it deems appropriate to ensure that the filing sequence contemplated by the Rules is not disturbed. See, *e. g.,* Fed. Rule App. Proc. 10(b) (time for ordering transcripts for inclusion in the record on appeal); Fed. Rule App. Proc. 31(a) (briefing schedule). Proper briefing is not, however, a jurisdictional requirement under the Federal Rules of Appellate Procedure. See Fed. Rule App. Proc. 3(a) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal . . .").

Respondents make the point that Smith filed his brief with the Court of Appeals, whereas Rule 3(a) directs litigants to file their notices of appeal with district courts. The Rules themselves answer this argument. Rule 4(a)(1) sets out a transmittal procedure to be followed when the notice of appeal is mistakenly filed with an appellate court, and provides that a misfiled notice "shall be deemed filed in the district court" on the day it was received by the court of appeals.

Finally, respondents argue that Smith's brief is not an adequate notice of appeal because it lacks information required by Rule 3(c). Having held that an informal brief can never substitute for a formal notice of appeal, the Court of Appeals declined to reach this question. 919 F. 2d, at 896, n. 7. On remand, it should undertake the appropriate analysis. See, e. g., *Foman, supra; Torres, supra.*

The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE SCALIA, concurring in the judgment.

I agree with the judgment because Federal Rule of Appellate Procedure 3(c) provides that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." I do not rely on the theory that petitioner's brief was the "'functional equivalent'" of a notice of appeal under a "liberal construction" of Rule 3. *Ante,* at 248. "[W]e should seek to interpret the rules neither liberally nor stingily, but only, as best we can, according to their apparent intent." *Torres* v. *Oakland Scavenger Co.,* 487 U. S. 312, 319 (1988) (SCALIA, J., concurring in judgment).