985 F.2d 180
 24 Fed.R.Serv.3d 1436
 William Lewis SMITH, Plaintiff-Appellant,
v.
Wayne S. BARRY, as Medical Doctor of the Maryland Department
of Corrections, individually and in his official capacity;
R. Victor, Sergeant, individually and in his official
capacity as Correctional Officer of the Maryland
Penitentiary; Arnold Turner, Sergeant, individually and in
his official capacity as Correctional Officer of the
Maryland Penitentiary; R. Hall, Officer, individually and
in his official capacity as Correctional Officer of the
Maryland Penitentiary; R. Brown, Officer, individually and
in his official capacity as Correctional Officer of the
Maryland Penitentiary; Officer Jackson, individually and in
his official capacity as Correctional Officer of the
Maryland Penitentiary; Officer Wilkins, individually and in
his official capacity as Correctional Officer of the
Maryland Penitentiary, Defendants-Appellees.
 No. 88-7096.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Jan. 21, 1992.
Decided Feb. 8, 1993.
 
 1
 Steven H. Goldblatt, Director, Suzy Chan Hung, William J. Nelson, Brian Heller, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, DC, for plaintiff-appellant.
 
 
 2
 David H. Bamburger, Piper & Marbury, Washington, DC, Glen K. Allen, Joseph J. Curran, Jr., Atty. Gen. of Maryland, Diane Krejsa, Asst. Atty. Gen., Baltimore, MD, for defendants-appellees.
 
 
 3
 Before RUSSELL and WIDENER, Circuit Judges, and SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 SMITH, District Judge:
 
 4
 Plaintiff-appellant William Smith prosecutes this appeal from two adverse orders of the district court. As to defendant-appellee Barry, we find that Smith failed to perfect his appeal. Accordingly, we dismiss the appeal as to Dr. Barry. As to defendants-appellees Victor, Turner, Hall, Brown, Jackson, and Wilkins ("the six prison guards"), we find that Smith did perfect his appeal, but affirm the district court's direction of a verdict and entry of judgment in their favor on Smith's deliberate indifference claim.[1]I.
 
 
 5
 William Smith suffers from a painful psychogenic disorder that prevents him from walking. While incarcerated at the Maryland State Penitentiary, Smith brought this pro se action pursuant to 42 U.S.C. § 1983. Smith sued Commissioner of Corrections Jon Galley, Warden George Collins, staff psychologists Robert Ellis and Daniel Porecki, seven correctional officers (Commander Captain Carpenter, and the six prison guards: Sergeant R. Victor, Sergeant Arnold Turner, Officer R. Hall, Officer R. Brown, Officer Jackson, and Officer Wilkins), and a private physician, Dr. Wayne Barry. Smith alleged that defendants denied him the use of a wheelchair and thereby manifested their deliberate indifference to his medical needs, in violation of the Eighth Amendment.[2]
 
 
 6
 A private medical group, not the state, employed Dr. Barry. The district court accordingly concluded that Dr. Barry could not have acted under color of state law for purposes of section 1983.[3] Therefore, by order dated December 26, 1984, the district court granted Dr. Barry's motion and dismissed him from the case.
 
 
 7
 The claims against the remaining defendants proceeded to trial before a jury. At the conclusion of Smith's case, the district court directed verdicts in favor of Galley, Collins, Carpenter, and the six prison guards on the deliberate indifference claim. The jury found that the psychologists Ellis and Porecki were deliberately indifferent to Smith's medical needs, and awarded Smith $15,000.00 in damages.[4] On February 29, 1988, the judgment order was entered, reflecting the court's rulings and the jury's findings.
 
 
 8
 On March 4, 1988, Ellis and Porecki filed a motion for judgment notwithstanding the verdict. On March 22, 1988, Smith, proceeding pro se, filed a notice of appeal.[5] By order entered April 14, 1988, the district court denied the psychologists' motion for judgment notwithstanding the verdict. Later, on May 4, 1988, Smith filed an "informal brief" in this court requesting "[a] new trial on all issues triable by Jury."
 
 
 9
 Relying on his informal brief as a notice of appeal,[6] Smith seeks to challenge the district court's order dated December 26, 1984, which dismissed Dr. Barry as a defendant, and the part of the district court's February 29, 1988 order that entered judgment in favor of the six prison guards on the deliberate indifference claim. On November 29, 1990, we entered our opinion deciding that Smith's informal brief did not, indeed could not, substitute for a notice of appeal. Smith v. Galley, 919 F.2d 893, 895-96 (4th Cir.1990). Accordingly, we dismissed Smith's appeal. Id. at 896.
 
 
 10
 Reviewing our judgment, the Supreme Court specifically disagreed with our holding that the informal brief could not substitute for a formal notice of appeal. Smith v. Barry, --- U.S. ----, ----, 112 S.Ct. 678, 680, 116 L.Ed.2d 678 (1992). The Court ruled that "[i]f a document filed within the time specified by Rule 4 [of the Federal Rules of Appellate Procedure] gives the notice required by [Federal] Rule [of Appellate Procedure] 3, it is effective as a notice of appeal." Id. at ----, 112 S.Ct. at 682. The Court, therefore, reversed our judgment and remanded the case for our further consideration of the question whether Smith's informal brief suffices as a notice of appeal under Federal Rule of Appellate Procedure 3(c). Id. at ----, 112 S.Ct. at 682-83.
 
 II.
 
 11
 When we first addressed this case, we noted but did not decide the threshold issue we confront on remand:[7] whether Smith's informal brief satisfies the requirements of Federal Rule of Appellate Procedure 3(c).[8]
 
 
 12
 Federal Rule of Appellate Procedure 3(c) provides in part that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." Fed.R.App.P. 3(c). Courts liberally construe submissions under Rule 3. Smith v. Barry, --- U.S. at ----, 112 S.Ct. at 681; Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17, 108 S.Ct. 2405, 2408-09, 101 L.Ed.2d 285 (1988); Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227, 229-30, 9 L.Ed.2d 222 (1962). If a "litigant's action is the functional equivalent of what the rule requires," Torres, 487 U.S. at 317, 108 S.Ct. at 2409, a court may find compliance with Rule 3. Though courts generously construe Rule 3, "noncompliance [therewith] is fatal to an appeal." Smith v. Barry, --- U.S. at ----, 112 S.Ct. at 682.
 
 
 13
 Appellees herein assert that Smith's informal brief fails to comply with Rule 3(c)'s command to "designate the judgment, order or part thereof appealed from." Rather, it simply asks for "[a] new trial on all issues triable by Jury." Liberally construing this language, we find it sufficient to sustain an appeal of the district court's directed verdict for the six prison guards on the deliberate indifference claim, but insufficient to sustain any appeal as to Dr. Barry.
 
 
 14
 Smith's informal brief does not refer directly to the February 29, 1988 judgment order directing a verdict for the six prison guards on Smith's deliberate indifference claim, and the brief fails to name any of the six prison guards. However, it does explicitly request "[a] new trial on all issues triable by Jury." Smith's deliberate indifference claim against the six prison guards went to trial before a jury. Liberally construed, as to the six prison guards, Smith's submission contains the functional equivalent of the specifications required by Federal Rule of Appellate Procedure 3(c). Therefore, we conclude that the informal brief suffices as a notice of appeal regarding Victor, Turner, Hall, Brown, Jackson, and Wilkins.
 
 
 15
 Having determined that Smith's informal brief suffices as a notice of appeal with respect to the six prison guards, we proceed to the merits of the appeal. Our review of the directed verdict on the deliberate indifference claim is limited to a determination of whether the evidence warranted submission of plaintiff's claim to the jury. Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 700-01, 82 S.Ct. 1404, 1411-12, 8 L.Ed.2d 777 (1962); Carroll v. Seaboard Air Line R.R. Co., 371 F.2d 903, 904 (4th Cir.1967). We view the evidence in the light most favorable to Smith and allow him the benefit of all reasonable inferences. Continental Ore Co., 370 U.S. at 697 n. 6, 82 S.Ct. at 1409 n. 6; Ryan v. Edwards, 592 F.2d 756, 759 (4th Cir.1979).
 
 
 16
 We agree with the district judge that the six prison guards were entitled to a directed verdict on Smith's deliberate indifference claim. Smith failed to provide a legally sufficient evidentiary basis for a reasonable jury to find in his favor. He offered no evidence that the six prison guards were in a position to act meaningfully in regard to his medical needs. His medical needs were addressed by the medical staff, two of whom the jury found to be indifferent and thus rendered a verdict against them for plaintiff. We therefore affirm the directed verdict and the judgment entered in favor of the six prison guards, appellees Victor, Turner, Hall, Brown, Jackson, and Wilkins, on Smith's deliberate indifference claim.
 
 
 17
 As to Dr. Barry, Smith's informal brief does not refer at all to the order dismissing Dr. Barry. It fails to name or even indirectly mention Dr. Barry. Again, the brief simply asks for "[a] new trial on all issues triable by Jury." Dr. Barry's dismissal was not an issue triable by jury. The district court's order dismissing Dr. Barry is dated December 26, 1984, more than three years before trial. Dr. Barry filed a motion to dismiss as a matter of law. The district court granted the motion as a matter of law. Even when given the liberal reading required by Smith v. Barry, Torres, and Foman, Smith's informal brief does not amount to the "functional equivalent" of a notice of appeal as to appellee Barry.[9] As the brief fails to qualify substantively under Rule 3 as a sufficient notice of appeal as to Dr. Barry, Smith's appeal is unperfected to that extent. Thus, as to appellee Barry, the appeal is dismissed.[10]
 
 III.
 
 18
 In summary, with respect to the six prison guards, defendants-appellees Victor, Turner, Hall, Brown, Jackson, and Wilkins, we find that Smith's informal brief suffices as a notice of appeal. We further find, however, on the basis of the evidence presented at trial, that the district court properly directed a verdict in favor of the six prison guards on Smith's deliberate indifference claim. Accordingly, we affirm the entry of judgment for the six prison guards on the deliberate indifference claim.
 
 
 19
 We dismiss plaintiff-appellant Smith's appeal as to defendant-appellee Barry, on the ground that Smith's informal brief fails, as to Dr. Barry, to constitute the functional equivalent of a notice of appeal under Federal Rule of Appellate Procedure 3(c).
 
 
 20
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 [1]
 On February 24, 1992, plaintiff-appellant Smith filed a motion to amend the caption in this case, to remove defendants-appellees Jon P. Galley, George H. Collins, Commander Captain Carpenter, Robert Ellis, and Daniel Porecki, against whom he no longer proceeds. The remaining defendants-appellees have not opposed Smith's motion. The caption herein thus reflects the requested amendment
 
 
 [2]
 Smith asserted another Eighth Amendment claim based on the use of excessive force against him, alleging that several prison guards had beaten him. Smith does not pursue the excessive force claim on appeal. See infra note 4
 
 
 [3]
 The district court relied on our decision in Calvert v. Sharp, 748 F.2d 861 (4th Cir.1984), cert. denied, 471 U.S. 1132, 105 S.Ct. 2667, 86 L.Ed.2d 283 (1985). The Supreme Court later overruled Calvert in West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). West established that a private contract physician who provides medical services to state inmates may act under color of state law for purposes of section 1983
 
 
 [4]
 As to the excessive force claim, the district court directed verdicts for Galley, Collins, and three of the seven correctional officers (Carpenter, Hall, and Turner); the jury found the four remaining prison guards not liable to plaintiff on the excessive force claim. On appeal, Smith challenges neither the directed verdicts nor the jury verdicts respecting his excessive force claim
 
 
 [5]
 Appointed counsel represented Smith at trial and on the psychologists' motion for judgment notwithstanding the verdict. Smith filed his notice of appeal pro se. That notice of appeal was from an order that the district court entered on March 15, 1988. The district court entered only one order on that date. That order simply extended the time for Smith to file a request for attorneys' fees. We do not, however, grant an appeal based on the March 22, 1988, notice. See infra note 6. Rather, Smith's informal brief is his notice of appeal. Smith v. Barry, --- U.S. ----, ----, 112 S.Ct. 678, 682, 116 L.Ed.2d 678 (1992). The issue now is whether the informal brief is an adequate notice of appeal. Id.; see infra at 6
 
 
 [6]
 Federal Rule of Appellate Procedure 4(a)(4) provides that if any party files a timely motion for judgment notwithstanding the verdict, a notice of appeal filed before disposition of the motion is ineffective and a new notice of appeal must be filed after the order is entered disposing of the motion
 Federal Rule of Appellate Procedure 4(a)(4) provides in pertinent part:
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); ... the time for appeal for all parties shall run from the entry of the order ... granting or denying ... such motion. A notice of appeal filed before the disposition of [such] motion[ ] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
 Fed.R.App.P. 4(a)(4). Therefore, Smith does not dispute the prematurity and ineffectiveness of the notice of appeal he filed on March 22, 1988.
 
 
 [7]
 See Smith v. Galley, 919 F.2d at 896 n. 7
 
 
 [8]
 If Smith's informal brief qualifies substantively as a notice of appeal, it was timely filed. Federal Rule of Appellate Procedure 4(a)(1) provides:
 [T]he notice of appeal ... shall be filed with the clerk of the district court within 30 days after the date of the entry of the judgment or order appealed from.... If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.
 Fed.R.App.P. 4(a)(1). Smith filed his informal brief within thirty days of the district court's order disposing of Ellis and Porecki's motion for judgment notwithstanding the verdict.
 
 
 [9]
 Smith's premature notice of appeal, filed March 22, 1988, avails him nothing. That notice identifies the district court's order of March 15, 1988, which concerned only an extension of the time for Smith to file a motion for attorneys' fees. See supra note 5
 
 
 [10]
 Dr. Barry suggests in his supplemental appellate brief that Smith never mailed him a copy of the prematurely filed notice of appeal. If true, this fact would support a finding that Smith had no intention to appeal as to Dr. Barry