991 F.2d 800
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clarence H. RODGERS, Plaintiff-Appellant,
v.
Doctor HOLLIDAY, Defendant-Appellee,
 No. 89-1946.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 7, 1993.*
Decided April 9, 1993.
 
 Before CUMMINGS, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Clarence Rodgers asked the district court to appoint counsel to help him prosecute a civil rights action. The district court finally denied the request after Rodgers ignored the court's repeated inquiries into what efforts Rodgers made to hire an attorney. Rodgers proceeded to present his case to a jury, but the district court granted a directed verdict for the defendant and entered judgment. Rodgers appeals,[1] claiming only that the district court wrongly denied his counsel motion.
 
 
 2
 In Jackson v. County of McLean, 953 F.2d 1070, 1072-73 (7th Cir.1992), we announced a new rule applicable to motions for appointment of counsel pursuant to 28 U.S.C. § 1915(d). A judge now must first inquire into the indigent's efforts to secure counsel before application of the Maclin factors. See Maclin v. Freake, 662 F.2d 885 (7th Cir.1981).[2] This threshold requirement does not have retroactive application. Jackson v. County of McLean, supra at 1073; compare Farmer v. Haas, No. 91-2484, slip op. at 4 (7th Cir. April 2, 1993) (Jackson inapplicable because pro se litigant did not know that she was required to try to secure a lawyer in the private market). Nevertheless, the district court here did not abuse its discretion in denying Rodgers' counsel motion only after repeated requests to Rodgers to detail his efforts to secure counsel went unanswered. See Jenkins v. Lane, 977 F.2d 266, 270 (7th Cir.1992) ("The decision to appoint counsel is within the district court's discretion, which we will not overturn absent some 'fundamental unfairness.' ").
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Rodgers filed a notice of appeal in this action on May 3, 1989, 85 days after entry of judgment on February 7, 1989. Nevertheless, this appeal is timely because Rodgers filed other documents (i.e. an "Application to Proceed In Forma Pauperis" and attached "Seventh Circuit Transcript Information Sheet" filed on February 6, 1989, a "Certificate of Probable Cause" filed on February 10, 1989, and "Motion to Comply" filed on March 1, 1989) within the 30-day appeal period that, taken together and liberally construed, Torres v. Oakland Scavenger Co., 108 S.Ct. 2405, 2408-09 (1988), complied with the requirements of Rule 3(c) of the Federal Rules of Appellate Procedure. See Smith v. Barry, 985 F.2d 180 (4th Cir.1993) (pro se appellate brief, explicitly requesting "[a] new trial on all issues triable by Jury," functional equivalent of notice of appeal as to certain defendants); Listenbee v. City of Milwaukee, 976 F.2d 348 (7th Cir.1992) (motion to extend time treated as notice of appeal)
 
 
 [2]
 These factors include, but are not limited to: (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. Maclin v. Freake, 662 F.2d 885, 887-88 (7th Cir.1981)