64 F.3d 657
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard HENDERSON, Jr., Plaintiff--Appellant,
v.
Frank MARDAVICH, Assistant Warden; Randy Mayton, Volunteer
Services Supervisor, Defendants--Appellees.
 No. 95-6039.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1995
Decided Aug. 16, 1995
 
 Richard Henderson, Jr., appellant pro se.
 Mark Ralph Davis, Office of the Atty. Gen. of VA., Richmond, VA, for appellees.
 Before ERVIN, Chief Judge, MOTZ, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals from the magistrate judge's orders[1] denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint and denying his motion filed pursuant to Fed.R.Civ.P. 59(e).[2] We have reviewed the record and the magistrate judge's opinions and find no reversible error or abuse of discretion. Accordingly, we affirm.[3] Henderson v. Mardavich, No. CA-93-679 (E.D. Va. Dec. 8, 1994; Jan. 5, 1995). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The parties consented to the exercise of jurisdiction by a magistrate judge pursuant to 28 U.S.C.A. Sec. 636(c)(1) (West 1993)
 
 
 [2]
 Appellant filed a timely notice of appeal from the magistrate judge's order granting summary judgment for the Appellees. We also have jurisdiction to review the denial of Appellant's Rule 59(e) motion. See Smith v. Barry, 502 U.S. 244, 247-49 (1992) (holding that informal brief qualifies as formal notice of appeal when requirements of Fed. R.App. P. 3 are met)
 
 
 [3]
 Although we do not rely on the magistrate judge's reasoning, we affirm the grant of summary judgment for the Defendants on equal protection grounds because Appellant failed to show discriminatory purpose as a motivating factor in the Defendants' decisions regarding prison job assignments. See Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 270-71 n. 21 (1977)