**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 00-1316**

─────────────

STEVE R. HOUSTON,

Plaintiff - Appellant,

versus

MONTGOMERY COLLEGE,

Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CA-99-2058-AW)

─────────────

Submitted:  May 25, 2000              Decided:  June 2, 2000

─────────────

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Steve R. Houston, Appellant Pro Se.  Charles Wellington Thompson,
Jr., County Attorney, Sharon Veronica Burrell, Joanne Robertson,
COUNTY ATTORNEY'S OFFICE, Rockville, Maryland; Peter Stephen
Saucier, Darrell Robert VanDeusen, KOLLMAN & SHEEHAN, Baltimore,
Maryland; Joan I. Gordon, General Counsel, MONTGOMERY COLLEGE,
Rockville, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Steve R. Houston appeals the district court's order granting Montgomery College's motion for costs associated with defending against Houston's employment discrimination action. We have reviewed the record and the district court's opinion and find no abuse of discretion. See Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (stating standard of review). Accordingly, we affirm on the reasoning of the district court.[*] See Houston v. Montgomery College, No. CA-99-2058-AW (D. Md. Feb. 17, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Houston also challenges in his informal brief the order granting summary judgment to Montgomery College. Although an informal brief may be construed as a notice of appeal, see Smith v. Barry, 502 U.S. 244, 248 (1992), the brief was filed beyond the 30-day appeal period and, therefore, is untimely. See Fed. R. App. P. 4(a)(1).

2