**In re: ROCKWELL MEDICAL TECHNOLOGIES, INC.,**
**Petitioner.**

**Misc. No. 848.**

United States Court of Appeals, Federal Circuit.

*May 14, 2007.*

## ORDER

LINN, Circuit Judge.

Rockwell Medical Technologies, Inc. petitions for a writ of mandamus directing the Trademark Trial and Appeal Board (TTAB) to vacate its default judgment that cancelled Trademark Registration No. 2,554,474 (the "474 trademark"). We consider whether Rockwell's petition should be construed as a notice of appeal.

On June 9, 2003, Advanced Renal Technologies (ART) petitioned the TTAB to cancel the 474 trademark. Rockwell failed to respond. On January 14, 2004, the Board entered default judgment against Rockwell, canceling the trademark. Rockwell appealed. While on appeal, Rockwell and ART reached a settlement. On September 19, 2006, 199 Fed.Appx. 946, the court granted the parties' motion to remand the matter to the TTAB so that the parties could file a motion concerning the cancellation judgment.

On September 25, 2006, the parties jointly moved the TTAB to vacate its January 2004 decision and reinstate the 474 trademark. On November 7, 2006, the TTAB denied the parties' motion for vacatur, determining that the parties had failed to show the existence of extraordinary circumstances meriting vacatur. On February 21, 2007, the Board denied Rockwell's motion for reconsideration.

Although Rockwell's petition is clearly intended as a request for relief in the form of a writ of mandamus, the court has broad discretion to consider whether such filing constituted a notice of appeal. *See Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (holding that courts should look at the notice afforded by a document rather than a litigant's motivation in filing to determine whether a document constitutes a notice of appeal).

In order to appeal a judgment of the TTAB, the party seeking appeal must file notice that sets forth (1) the name of each party to the proceeding, (2) the judgment, order, or part, thereof being appealed, and (3) the name of the court to which the appeal is taken. Rules 3(c) of the Federal Rules of Appellate Procedure. Rockwell's petition clearly meets these requirements.

In addition, it appears that Rockwell's petition was timely if treated as a notice of appeal. *See* 15 U.S.C. § 1071; *see also* Fed. Cir. Rule 26(a)(3). Finally, Rockwell has not shown that the court lacks jurisdiction over the TTAB's decision to deny vacatur. See 15 U.S.C. § 1071(a) (a party to a cancellation proceeding who is dissatisfied with the decision of the TTAB may appeal).

Because we conclude that the petition should be construed as a timely notice of appeal, mandamus relief is not appropri-

ate. *See Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (holding that a party seeking a writ bears the burden of proving that it has no other means of attaining the relief, such as by appeal); *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (stating "whatever may be done without the writ may not be done with it.").

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is to be treated as a notice of appeal. The clerk is directed to docket the case as an appeal.

(2) Rockwell's opening brief is due within 40 days from filing of this order.