EDITH H. JONES, Chief Judge,
concurring in part and dissenting in part:
With due respect to the majority, I feel compelled to dissent on the narrow issue *623 whether Williams’s notice of appeal satisfied Fed. R.App. P. 3(c)(1)(B) for the confinement claims against Snyder, Peshoff, and McCaig (the “state defendants”).
Consider this scenario. A plaintiff sues multiple defendants. The court dismisses claims against three of them (“A, B and C”). Two years later, the court enters final judgment in favor of the remaining defendants (D and E). The plaintiff notices an appeal against D and E only. The lawyer for A, B and C calls his clients and says:
“Do you remember that old case? It’s finished, and you’re off the hook. Plaintiff didn’t file an appeal against you!”
A, B & C gratefully pay their “final” bill to their lawyer.
Six months later, the lawyer stuns A, B and C when he calls back:
“Fellows, I am sorry to have to tell you, but I just received a brief in Plaintiff’s appeal, and he thinks he can reverse your judgment. Frankly, the case was over so long ago, I can’t remember exactly what happened. I have to write a brief, and I’ll have to reacquaint myself with the file. We can’t sit out this appeal. My meter just started running again.”
The only difference between the hypothetical and the case before us is the immaterial point that appellants Snyder, Peshoff and McCaig are represented by the state and will not personally pay their legal bill for this surprise appeal. In this unusual situation, when a judgment is rendered for multiple defendants, the better interpretation of Rule 3(c)(1)(B) is that an appellant’s notice of appeal is jurisdiction-ally defective as to unnamed defendants if he specifically names some defendants but not others. See Finch v. Ft. Bend ISD, 333 F.3d 555, 565 (5th Cir.2003) (when an appellant “chooses to appeal specific determinations of the district court — rather than simply appealing from an entire judgment — only the specified issues may be raised on appeal”).
Williams admits his notice of appeal “forgot” to name the state defendants. But “the notice afforded by a document, not the litigant’s motivation in filing it, determines the document’s sufficiency as a notice of appeal.” Smith v. Barry, 502 U.S. 244, 248-49, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). Williams’s confinement claims were alleged against five individuals: Henagan, Suchanek, Snyder, Peshoff, and McCaig. The district court dismissed the claims against all five because Williams failed to exhaust administrative remedies. If Williams had simply identified the June 6, 2005 order and claims covered by it without naming individual defendants, his notice of appeal would have included all of them. Instead, he specified only Henagan and Suchanek in his notice of appeal, emphasizing its limited nature just as he had earlier done by moving to clarify the June 6 order’s dismissal of his claims against Suchanek and Henagan alone. Inclusio unius est exclusio alterius. With this selective notice, Williams did not advise the state defendants that they were the subject of his appeal. The state defendants understandably viewed the appeal as limited to the local defendants and consequently moved to dismiss for lack of notice to them under Rule 3(c)(1)(B). Williams’s untimely-stated intent is irrelevant; what is relevant is that his defective notice misled these appellants.
The majority is persuaded that, because the state defendants could successfully brief the issues in time, they suffered no prejudice and, for that additional reason, Williams’s notice of appeal satisfies Rule 3(c)(1)(B). There are three flaws in this analysis. First, a court will overlook a defective notice of appeal only if “the ap *624 pellee is not prejudiced or misled by the mistake.” Turnbull v. United States, 929 F.2d 173, 177 (5th Cir.1991) (emphasis added). Consequently, if the state defendants were either misled or prejudiced, Rule 3(c)(1)(B) should bar the notice of appeal. The state defendants were unequivocally misled. Second, the state defendants did suffer prejudice. While the panel brushes over this fact, the delay suffered was not de minimis. The state defendants were unaware that Williams was appealing their judgment for nearly six months after the notice of appeal was filed, and nearly three years elapsed between the June 2005 order in which they were dismissed and the March 2008 filing of Williams’s appellate brief. Third, there is an obvious distinction between this case and those on which the majority relies for its prejudice analysis — every one of those cases involved a single appellee, and the only result of a vague notice of appeal was to broaden the scope of briefing. Here, the state defendants had no basis to think they had to file a brief; they were blindsided.
Although the majority fails to cite any cases on point that concern the naming of only a selected few defendants in the notice of appeal, the Fourth Circuit had no difficulty in letting an un-named defendant off the hook for a deficient notice. Smith v. Barry, 985 F.2d 180, 184 (4th Cir.1993) (on remand from 502 U.S. 244, 112 S.Ct. 678, 116 L.Ed.2d 678) (holding that since the notice of appeal identified six prison guards but not their co-defendant, the court did not have jurisdiction over the co-defendant). Similarly, the Seventh Circuit stated it would entertain a motion to dismiss an appeal where the notice of appeal “names all but one of the defendants [so that] the omitted defendant may reasonably believe that he is off the hook and need not hire a lawyer to defend the appeal.” Chathas v. Smith, 848 F.2d 93, 94 (7th Cir.1988). We should be consistent with sister circuits, not divergent from them, especially on jurisdictional procedural points that affect how lawyers do business.
Finally, I note that Williams is represented by counsel. Were he proceeding pro se, I might understand the basis for the majority’s generosity. In this case, however, the flawed notice, if it was flawed, was crafted by counsel and should be interpreted as written.
In sum, Williams’s notice of appeal is deficient as to the state defendants because it is misleading. I would hold that this court lacks jurisdiction over Williams’s appeal of the dismissal of the state defendants and would dismiss this portion of his appeal.