WILSON, Circuit Judge, dissenting:
The jurisdictional requirements of Rule 3(c)(1) are liberally construed. Smith v. Barry , 502 U.S. 244, 248, 112 S.Ct. 678, 681, 116 L.Ed.2d 678 (1992). "An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). I would construe Padgett's pro se filing as a notice of appeal allowing us to exercise jurisdiction. It was properly filed in the district court, with the correct district court docket number. The district court construed the filing as a notice of appeal and transmitted the notice to this Court. It was filed within the 14-day period specified in Rule 4(b)(1).
Moreover, we have said that we will construe a document as a notice of appeal where it is the "functional equivalent" of what Rule 3(c)(1) requires and makes clear the party's intent to seek appellate review. Rinaldo v. Corbett , 256 F.3d 1276, 1278-79 (11th Cir. 2001) (construing a motion for an extension of time to file appeal as a notice of appeal where intent was clear).[1]

Padgett has at least one arguable meritorious claim, including whether the government breached her plea agreement by objecting to a sentence reduction for acceptance of responsibility.