**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3467
_____

DAVE LAWRENCE,
                                        Appellant

v.

IMMIGRATION & NATURALIZATION SERVICE;
DISTRICT ATTORNEY BELLEFONTE COUNTY;
ROBERT BASCOM

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:18-cv-00859)
District Judge: Honorable James M. Munley

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on July 1, 2021

Before: GREENAWAY, JR., KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: November 22, 2021)

_____

---

OPINION[*]

---

PER CURIAM

Dave Lawrence appeals the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, we will affirm.

On April 20, 2018, Lawrence filed a complaint against the Department of Immigration and Naturalization Service ("INS"); the Centre County District Attorney's Office; and Attorney Robert Bascom.[1] The incidents giving rise to Lawrence's complaint occurred in 1997 and 1998 when Lawrence pled guilty to two controlled substance charges in Pennsylvania state court. He was sentenced on both cases in 1998. Lawrence alleges that he instructed his counsel to reject the plea deal and that he was not informed of the immigration consequences of his conviction. In 2000 he filed a PCRA petition, where he was first represented by Bascom and then by another attorney. Lawrence was deported while his PCRA petition was pending.[2] In his complaint, Lawrence alleged that he was denied due process during his criminal case and that the INS violated his rights by initiating

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write primarily for the benefit of the parties, we summarize only those facts that are necessary for the discussion.

[2] The date of Lawrence's deportation is not certain but the District Court determined that Lawrence was deported by 2006, at the latest.

deportation proceedings and having him removed from the United States. Lawrence sought only damages.[3]

In a Report and Recommendation, the Magistrate Judge determined that the complaint was barred by the statute of limitations because the events in the complaint occurred more than two years before it was filed. The District Court agreed and dismissed the complaint. This timely appeal followed.[4]

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's ruling. See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court determined correctly that Lawrence's claims are barred by the statute of limitations. The statute of limitations for civil rights suits under § 1983 in Pennsylvania is two years. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); 42 Pa. Cons. Stat. § 5524(7). The limitations period began to run when Lawrence became aware, or should have been aware, that the alleged constitutional violation occurred. Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Lawrence's claims regarding the arrest and subsequent deportation began to accrue, at the latest, in 2006. Lawrence filed his complaint

---

[3] Lawrence did not assert a specific cause of action. However, because he sought only damages and because he had recently filed a habeas petition with similar allegations, the District Court appropriately construed his action as a being brought under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[4] We construe Lawrence's objections to the Magistrate Judge's Report and Recommendations as a timely Notice of Appeal. See Smith v. Barry, 502 U.S. 244, 248 (1992); Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 190 (3d Cir. 2015). Lawrence filed a brief and an "amended brief" in this Court. Both filings have been considered.

3

in 2018, well after the limitations period expired.[5] Lawrence has not challenged the District Court's timeliness analysis, either in his untimely Objections to the Report and Recommendation or in his briefs on appeal, let alone argued that he qualifies for equitable tolling or other relief from the statute of limitations.

Accordingly, we will affirm the judgment of the District Court.

---

[5] To the extent that Lawrence's complaint could be read to raise a malicious prosecution argument, his cause of action would not be cognizable under §1983 because his conviction has not been invalidated or terminated favorably. Heck v. Humphrey, 512 U.S. 477, 489 (1994); McDonough v. Smith, 139 S. Ct. 2149, 2158 (2019).