996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles L. HOLDEN, Jr., Plaintiff-Appellant,
v.
REGIONAL AIRPORT AUTHORITY OF LOUISVILLE AND JEFFERSON
COUNTY, Defendant-Appellee,
Federal Aviation Administration, Defendant.
 No. 92-6632.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 1
 Before GUY and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Charles L. Holden, Jr., a pro se Kentucky litigant, appeals a district court order dismissing his civil action for relocation benefits brought pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §§ 4601-4655 (the "Relocation Act"). The defendant has filed a motion to dismiss the appeal for lack of jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The action arose from Holden's claims that he did not receive the proper amount of relocation payment and rental assistance when he was forced to move from his apartment because of the airport expansion at Standiford Field in Louisville, Kentucky and that he was allegedly discriminated against and harassed by the Regional Airport Authority ("RAA"), in its 1983 determination of the amount of relocation benefits because he is gay. The RAA determined that for the purposes of relocation payment and rental assistance, Holden and his cotenant Paalz were a family and entitled to a payment of $4,000 to be shared between them. Holden named two defendants, the RAA and the Federal Aviation Administration.
 
 
 4
 A non-jury trial on the matter was held on October 28, 1992, at which time testimony and evidence was presented. On November 12, 1992, the district court entered its findings of fact and conclusions of law. The court concluded that Holden received the maximum benefit allowable under the Relocation Act and dismissed the complaint accordingly. On November 18, 1990, Holden filed a motion for a new trial or for findings of fact on the issue of discrimination. On November 20, 1992, the court entered an order amending the November 12, 1992, findings of fact and conclusions of law. The court found that Holden failed to show that RAA used discriminatory means or intent in determining the amount of relocation benefits and concluded that Holden's claim for emotional distress was time-barred under the laws of Kentucky. This appeal followed.
 
 
 5
 Initially, we deny defendant's motion to dismiss the appeal for lack of jurisdiction. Although the notice of appeal was filed prior to the district court's December 10, 1992, order denying Holden's motion for a new trial, a review of the record reveals that a transcript order form was filed December 21, 1992. A document which meets the requirement of Fed.R.App.P. 3 and 4 evincing an intent to appeal is properly treated as a notice of appeal. Cf. Smith v. Barry, 112 S.Ct. 678, 681-82 (1992) (appellate brief can be a notice of appeal). The transcript order form evidences an intent to appeal as it indicates the proceedings appealed from and the parties who are appealing. The transcript order form, therefore, qualifies as a timely notice of appeal.
 
 
 6
 We also hold that HUD regulation 24 C.F.R. § 42.13 is not applicable because HUD is not involved and further, that section specifically provides that two or more individuals who live together in a single family dwelling "shall be regarded as one person."
 
 
 7
 Upon review, we affirm the district court's decision because a review of the record shows that the factual findings of the district court are not clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). The record is completely void of any evidence that the RAA used discriminatory means in determining the amount of relocation benefits due Holden or that it harassed Holden.
 
 
 8
 Upon further review, we conclude that the district court correctly concluded that Holden received the maximum benefit allowable under the Relocation Act. See 42 U.S.C. §§ 4601, 4621 and 4624. Contrary to Holden's claim, he and Mr. Paalz occupied the same single family dwelling unit, and together they were entitled to no more than the maximum benefit of $4,000 as set forth in the Relocation Act at 42 U.S.C. § 4624(a). The remaining arguments on appeal lack merit.
 
 
 9
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation