28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jay Dee PORTLEY, Jr., Plaintiff-Appellant,
v.
ATTORNEY GENERAL OF KANSAS, Defendant-Appellee.
Jay Dee PORTLEY, Jr., Plaintiff-Appellant,
v.
Robert WATSON, Judge, Sedgwick County District Court; The
State of Kansas; Attorney General of Kansas,
Defendants-Appellees.
Jay Dee PORTLEY, Jr., Plaintiff-Appellant,
v.
Jay SHELTON, Warden; Attorney General of Kansas,
Defendants-Appellees.
 Nos. 93-3335, 93-3383, 93-3388.
 United States Court of Appeals, Tenth Circuit.
 June 16, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Portley, a state inmate and pro se litigant, has filed three separate appeals. In the interest of judicial economy, we have consolidated these appeals. We exercise jurisdiction[2] and affirm.
 
 No. 93-3335
 
 3
 Mr. Portley filed this 42 U.S.C.1983 action in 1993 against the Attorney General for the State of Kansas. The suit alleged an unspecified deprivation of numerous constitutional rights when Mr. Portley entered a guilty plea to an unspecified crime in 1988.
 
 
 4
 The trial court dismissed this action as being time barred in accordance with Kansas' two-year statute of limitations. Mr. Portley countered by alleging he was under a legal disability and he was unaware of all pertinent information, i.e., the two-year statute of limitations. The trial court denied the motion to reconsider.
 
 
 5
 Mr. Portley appeals this decision raising numerous arguments that merit little comment. For instance, Mr. Portley asserts "[t]he Federal doctrine of Equitable tolling or Estoppel ... permits a plaintiff to avoid the bar of the statue [sic] of limitation if despite all due diligence he is unable to obtain vitial [sic] information bearing the existence of his claim." Mr. Portley cites no authority for this proposition and indeed there is none. Mr. Portley makes up for a lack of quality in his pleadings by furnishing a great quantity.
 
 
 6
 To give the reader the flavor of Mr. Portley's pleadings, Mr. Portley has filed with this court a motion to amend asserting the party named in this suit should be the judge of the state district court and the attorney general as an additional party.
 
 
 7
 The decision of the trial court in case No. 93-3335 is AFFIRMED.
 
 No. 93-3383
 
 8
 In this case, Mr. Portley commenced a 42 U.S.C.1983 action against a state district court judge, the State of Kansas, and the Attorney General for the State of Kansas. Mr. Portley failed to identify any action taken by the latter two defendants.
 
 
 9
 In his complaint against the state court judge, Mr. Portley asserts the judge violated his constitutional rights by denying Mr. Portley's motion for the appointment of counsel in a state post-conviction proceeding.
 
 
 10
 The trial court dismissed the complaint after finding Mr. Portley had no constitutional right to counsel in a post-conviction proceeding. Mr. Portley filed numerous motions to reconsider.
 
 
 11
 The decision of the trial court was correct. Additionally, a judge acting in his judicial capacity is absolutely immune from a civil rights suit unless the judge acted clearly without any colorable claim of jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978).
 
 
 12
 The judgment of the district court in case No. 93-3383 is AFFIRMED.
 
 No. 93-3388
 
 13
 In this case, Mr. Portley filed a pro se habeas petition. The gist of this petition was that Mr. Portley had entered a guilty plea to an unlawful use of a financial card, four counts of forgery, and one count of attempted robbery. Mr. Portley alleged numerous constitutional violations.
 
 
 14
 The flaw in Mr. Portley's pleadings was he failed to allege he had exhausted his state remedies. The trial court dismissed the habeas petition for this reason. Mr. Portley filed several motions for reconsideration, all of which were denied.
 
 
 15
 Mr. Portley appeals these decisions making incomprehensible arguments. For example, Mr. Portley asserts in his brief to this court:
 
 
 16
 The time limit and or abuse of the Kansas Statues [sic] regarding this process for his appeal. That during the process and proceeding or discovery of the 2254, regarding case no. 92-C591, that the district court was neligent [sic] in making a factual determination, that an appeal was only filed; but the due process had been denied, and the granting of extension after extension was unnecessary and unfair which prdjudice [sic] this appellant in his ability to regain access on the right to have equal footing under the equal protection clause secured by the constitution after being denied badly in the written procedure and process at the state and local level which inable [sic] him to process his appeal to the state level giving consideration by law.
 
 
 17
 Mr. Portley apparently misperceives the law. A federal court will not examine a state court conviction to determine if a defendant's federal constitutional rights were violated unless the defendant first gives the state the opportunity to correct the error. Mr. Portley has failed to show he comes within this rule. There exists an exception to this rule where the defendant shows it would be useless for him to attempt this procedure. Mr. Portley has also failed to show he comes within this exception. If Mr. Portley desires to bring his cause within the federal court system, he must first exhaust his state remedies.
 
 
 18
 The judgment of the trial court in case No. 93-3388 is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In No. 93-3335, Mr. Portley filed a late appeal. Rather than recite all of the many details, we merely note Mr. Portley filed a document entitled "Motion to Review Notice of Jurisdictional Defect & Dismiss." We hold this document is the functional equivalent of a notice of appeal. See Smith v. Barry, --- U.S. ----, 112 S.Ct. 678 (1992)