**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

THOMAS E. MONTFORD,
　　　　　*Petitioner-Appellant,*

　　　　　v.

J. JOSEPH CURRAN, JR., Maryland
State Attorney General,
　　　　　*Respondent-Appellee.*

No. 03-6066

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-02-3359-MJG)

Submitted: February 26, 2003

Decided: March 26, 2003

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas E. Montford, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Thomas E. Montford seeks to appeal the district court's orders denying as successive his petition filed under 28 U.S.C. § 2254 (2000), and denying his motion for reconsideration.[1] We deny a certificate of appealability and dismiss the appeal.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)).

The district court's order denying Montford's § 2254 petition was filed on October 24, 2002, and entered on the docket on October 25, 2002. The notice of appeal was filed on December 2, 2002.[2] Because Montford failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss this portion of the appeal for lack of jurisdiction.

Turning to Montford's appeal of the district court's order denying relief on his motion for reconsideration, we find that the filing the district court construed as a motion for reconsideration would be more appropriately construed as a third § 2254 petition. So construed, we find no reversible error in the district court's denial of relief given that the court lacked jurisdiction to entertain a third § 2254 petition with-

---

[1]Although Montford did not file a notice of appeal from the district court's order denying his motion for reconsideration, we have jurisdiction over the appeal because his timely filed informal brief is the functional equivalent of a notice of appeal. *Smith v. Barry*, 502 U.S. 244, 245 (1992).

[2]For purposes of this portion of the appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

out authorization from this court to do so. Accordingly, we dismiss this portion of the appeal on that basis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*