**Charles Russell TWIST, Appellant**

v.

**Alberto GONZALES, Attorney General, U.S. Department of Justice, Appellee.**

No. 04–5309.

United States Court of Appeals, District of Columbia Circuit.

Nov. 16, 2005.

Charles Russell Twist, Charles Russell Twist, PC, Arlington, VA, pro se.

Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Mark B. Stern, Catherine Y. Hancock, Peter Douglas Keisler, U.S. Department of Justice, Washington, DC, for Appellee.

Before: HENDERSON, RANDOLPH, and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed August 2 and November 2, 2004 be affirmed. Both orders are properly before this court, as appellant filed a timely notice of appeal concerning the first order and his docketing statement filed on December 29, 2004 serves as the functional equivalent of a timely notice of appeal concerning the second order. *See, e.g., Smith v. Barry,* 502 U.S. 244, 248–49, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992); *Ruggiero v. FCC,* 317 F.3d 239, 243 (D.C.Cir.2003) (en banc).

Assuming arguendo that the documents that appellant terms "periodic status reports" are not included in the *Vaughn* indices under a different description, we do not believe that the government's mere failure to locate these reports demonstrates that its search was inadequate or that it acted in bad faith. *See, e.g., Safe-Card Services, Inc. v. SEC,* 926 F.2d 1197, 1201 (D.C.Cir.1991) ("[T]he factual question ... is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant.").

Moreover, appellant was not entitled to relitigate the propriety of the government's withholding of grand jury material in the 1987 Office of Professional Responsibility report under FOIA Exemption 3.

See Twist v. Reno, No. 97–5192, 1997 WL 811736 unpublished order (D.C.Cir. Dec. 9, 1997) (summarily affirming grant of summary judgment for government on grand jury withholding issue). In re Sealed Case No. 99–3091, 192 F.3d 995 (D.C.Cir.1999) (per curiam), does not represent a change in the law governing grand jury disclosure.

Finally, the district judge did not abuse his discretion in declining to recuse himself from this case under 28 U.S.C. § 455(a). No reasonable and informed observer would question the judge's impartiality merely because the judge is subject to review by a court on which Chief Judge Ginsburg sits. See SEC v. Loving Spirit Foundation, Inc., 392 F.3d 486, 493 (D.C.Cir.2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.