**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5227**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS LEVONT WALTERS,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(CR-04-726)

Submitted:  March 31, 2006            Decided:  April 18, 2006

Before NIEMEYER, LUTTIG, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Parks Nolan Small, Federal Public Defender, Columbia, South
Carolina, for Appellant.  Rose Mary Parham, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Travis Levont Walters seeks to appeal his criminal convictions in which final judgment was entered on May 16, 2005. We dismiss the appeal because the notice of appeal was not timely filed.

Under Rule 4(b)(1)(A)(I) of the Rules of Appellate Procedure, criminal defendants have ten days from the entry of final judgment to note an appeal. A criminal judgment is "entered" when it is entered on the criminal docket. Rule 4(b)(6). The district court may, "before or after the time has expired, with or without motion and notice," extend the appeal period upon a finding of excusable neglect or good cause. Rule 4(b)(4). The extension, however, is "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Id.; see also United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). Compliance with Rule 4(b) is mandatory and jurisdictional. Smith v. Barry, 502 U.S. 244, 248 (1992); United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991).

Walters's final judgment of conviction was entered on the district court's docket on May 16, 2005. Even according Walters the benefit of Houston v. Lack, 487 U.S. 266 (1988), in determining his filing date and accepting the date on the document construed as a notice of appeal (November 22, 2005) as the date he relayed a notice of appeal to prison officials for mailing, his notice of

- 2 -

appeal was filed well beyond both the ten-day appeal period and the additional thirty-day excusable neglect period. Both parties agree in their filings that Walters's notice of appeal is late and that this Court therefore lacks appellate jurisdiction.*

We therefore dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the Court and argument would not aid the decisional process.

DISMISSED

---

*If Walters's counsel in fact failed to timely file a notice of appeal as he requested, Walters must seek relief in the district court in a § 2255 action alleging ineffective assistance of counsel on that basis within that statute's one-year limitations period.

- 3 -