**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4617**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD TYRONE PIPKIN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:05-cr-001129-TLW)

_____

Submitted:  November 14, 2007      Decided:  December 13, 2007

_____

Before MICHAEL, KING, and SHEDD, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Ronald R. Hall, West Columbia, South Carolina, for Appellant.  Rose
Mary Parham, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Tyrone Pipkin seeks to appeal his conviction and sentence. Pipkin has filed two motions in this court for an extension of the appeal period. The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file a notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court's judgment was entered on the docket on March 23, 2007.[*] Pipkin filed a letter in the district court indicating his intent to appeal dated May 3, 2007, after the ten-day period expired but within the thirty-day excusable neglect period. The letter, however, was not postmarked until May 8, 2007, after the thirty-day excusable neglect period expired. We construe Pipkin's letter as a notice of appeal. See Smith v. Barry, 502 U.S. 244, 248 (1992). Because the notice of appeal may have been filed within the excusable neglect period, we remand the case to

---

[*]Pipkin erroneously states that the judgment was entered on March 8, 2007, the date of his sentencing hearing. The Government erroneously states that the judgment was entered on March 22, 2007, the date on which the judgment was signed.

the district court for the court to determine whether the notice should be deemed to have been filed within the excusable neglect period, which expired on May 7, 2007.  Fed. R. App. P. 4 (b), (c)(1).  <u>Houston v. Lack</u>, 487 U.S. 266 (1988).  If the district court determines that Pipkin's notice was filed within the excusable neglect period, the court shall determine whether Pipkin has shown excusable neglect or good cause warranting an extension of the ten-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

Pipkin's motions in this court for an extension of the appeal period are denied, as only the district court has jurisdiction to extend the appeal period. We defer action on the government's motion to dismiss the appeal for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REMANDED</u>