**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3222
_____

SUZANNE PHILLIPS,

Appellant

v.

POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-815)
District Judge: Hon. Donetta W. Ambrose

Argued May 10, 2011

Before:  SMITH, CHAGARES, and VANASKIE, Circuit Judges.

(Filed: June 2, 2011)

Christian Bagin (Argued)
Wienand & Bagin
100 First Avenue, Suite 1010
Pittsburgh, PA 15222

Gregory G. Paul
Morgan & Paul, PLLC
409 Broad Street, Suite 270
Sewickley, PA 15143

Counsel for Appellant

Alice L.A. Covington (Argued)
United States Postal Service
Commercial and Appellate Litigation
475 L'Efant Plaza, S.W.
Washington, D.C. 20260-1127

Counsel for Appellees

_____

OPINION
_____

CHAGARES, Circuit Judge.

Suzanne Phillips appeals the District Court's denial of compensatory damages on her contract claim following a jury's finding that the United States Postal Service ("Postal Service") breached a settlement agreement with Phillips. Phillips also appeals the District Court's denial of spoliation sanctions against the Postal Service in light of its failure to implement a litigation hold on the destruction of documents. For the following reasons, we will affirm the District Court's denial of compensatory damages on Phillips' contract claim and dismiss her appeal with regard to spoliation sanctions.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. Suzanne Phillips is a mail processing clerk who began her career at the Postal Services in 1989. In 1998, Phillips sued the Postmaster General for sexual discrimination and retaliation under Title VII stemming from the conduct of Postal Service manager, Thomas Arneson. In 1999, Phillips and the Postal Service settled the dispute. As part of the settlement agreement, Phillips was protected from any further retaliation relating to her suit: "Defendant, the Postmaster General, agree[s] that neither

2

he nor his employees will use against Plaintiff Phillips, any of her actions taken to protect her rights under federal law, in terms of promotion, transfer, the grant of benefits or salary raises, or any other term or condition of her employment with the defendant." Joint Appendix ("JA") 471.

Phillips alleges that beginning in 2006, she was retaliated against by Arneson through his intimidating behavior, threats of discipline, denial of vacation leave, and assignment of more physically demanding and less desirous work tasks. Following a final agency decision on her complaint in March 2007, Phillips filed suit against the Postal Service in June 2007 under the retaliation provisions of Title VII and based on the Postal Service's breach of contract of the non-retaliation provision in the settlement agreement.

In February 2008, Phillips requested during discovery a broad range of documents including all documents and electronically stored information with Phillips' name. In October 2008, Phillips filed a motion for sanctions claiming that the Postal Service committed spoliation of discovery materials by (1) shredding documents and (2) deleting stored emails. Despite the Postal Service's admission that it failed to impose a timely litigation hold for the retention of documents, the District Court denied the motion for spoliation sanctions, finding that Phillips' allegations that relevant documents were destroyed was pure speculation and that there was no evidence that the Postal Service acted with bad or malicious intentions by destroying documents.

The case was tried before a jury beginning on March 2, 2010. The District Court proposed its own jury instructions to the parties on March 4. At a hearing, the Court

raised concerns as to whether the jury could award damages based on the contract claim and whether the verdict form to be submitted to the jury needed to differentiate the damages between Phillips' claims. Phillips' counsel maintained: "[T]here aren't any monetary damages under the contract, itself. I think if there is a finding of liability, which is coextensive, to the extent we were looking for anything under the contract, we would come back to the Court for injunctive relief or otherwise to make her whole." JA 590. Phillips' counsel argued that a finding of liability on the breach of contract claim was sufficient to allow Phillips to seek injunctive relief with the Court, and that damages stemming from the contract claim did not need to be presented to the jury. JA 594-95. Phillips' counsel reiterated that there were two separate claims, for breach of contract and retaliation, but that no instructions were necessary for damages stemming from the breach of contract claim. JA 592, 594, 595.

The District Court provided the jury with the following instruction on liability and damages: "Here, because plaintiff's breach of contract claim is based on a non-retaliation provision in the settlement agreement, the damages for plaintiff's breach of contract and retaliation claims are coextensive." JA 605. Additionally, the District Court removed any breach of settlement agreement language from the damage section of the verdict form. During deliberations, the jury submitted a question to the District Court regarding whether it was allowed to provide damages to Phillips based only on her breach of contract claim. The District Court recognized that its jury instructions noted that the Title VII and breach of contract damages were coextensive, but that the verdict form was unclear whether the jury could provide for a damage amount if it found that the Postal

4

Service only breached the agreement. During discussions with the parties on how to fix this problem, Phillips' counsel maintained that the contract and retaliation claims were coextensive and not actually two separate claims, and then requested an instruction for emotional damages for breach of contract, although this had never been raised prior to this time. JA 633-38.

The District Court determined that it was too late for Phillips to change the theory of the case:

> But, you can't now change in midstream. You got up and you said, clearly and unequivocally, that you were looking for specific performance. You can't now, after you have tried the entire case with that theory, switch gears and ask for emotional damages for a breach of contract which were never requested and never part of this case.

JA 634. The District Court determined that the contract and Title VII claims were not coextensive and that the jury could have reasons to find that the Postal Service breached the contract provisions without finding a Title VII violation. The District Court, therefore, amended the jury instructions by removing the language that the liability for both claims was coextensive. Additionally, the District Court revised the verdict form, removing the issue of damages for breach of contract from the jury's consideration.

On March 9, 2010, the jury found that the Postal Service had breached its settlement agreement with Phillips, but that it had not retaliated against Phillips under Title VII. On March 22, 2010, the District Court entered final judgment against Phillips on her Title VII claim and granted specific performance on her breach of contract claim. On May 10, 2010, Phillips filed a motion for entry of judgment for contract damages and a renewed motion for judgment as a matter of law and a motion to alter judgment. On

5

June 30, 2010, the District Court denied the motion, finding that Phillips had never sought damages for breach of contract and was therefore barred from such an award. Phillips filed a timely appeal.[1]

## II.

Phillips raises two issues on appeal. First, she contends that the District Court erred by denying her compensatory damages on her contract claim because she was entitled to such damages as a matter of law and never waived her right to compensatory damages. After a thorough review of the record, we conclude that Phillips waived her right to compensatory damages on her contract claim repeatedly throughout the course of the trial. JA 588-95, 604, 617, 633-35. Phillips made clear to the District Court all the way through the second day of jury deliberations that she was only seeking specific performance on her contract claim and she litigated her theory fully on the merits. See Alexander v. Riga, 208 F.3d 419, 429 (3d Cir. 2000) (noting that it is incumbent on the plaintiff to bring its request for damages to the trial judge prior to the time the jury retires to consider the verdict).

Second, Phillips maintains that the District Court abused its discretion by denying her spoliation sanctions. We, however, cannot reach the merits of this issue as we do not have jurisdiction under 28 U.S.C. § 1331 to review the District Court's denial of Phillips' spoliation motion. According to Fed. R. App. P. 3(c)(1)(B), a party is required to specify the "judgment, order, or part thereof being appealed." We have recognized that notices

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1367, 42 U.S.C. § 2000e-16(c), and 39 U.S.C. § 409(a), and we have jurisdiction under 28 U.S.C. § 1291.

of appeal are generally liberally construed as it is "almost axiomatic that decisions on the merits are not to be avoided on grounds of technical violations of procedural rules." Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 144 (3d Cir. 1998). Hence, appellate jurisdiction is permissible over orders that are not specified in the notice of appeal where: "(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Polonski, 137 F.3d at 144; see, e.g., Satterfield v. Johnson, 434 F.3d 185, 190 (3d Cir. 2006) (exercising jurisdiction over the appeal because the district court's order adopting a magistrate judge's recommendation regarding statutory tolling was related to the claim of ineffective assistance of counsel because such a claim could not be reached without disposing of the issue of timeliness); Polonski, 137 F.3d at 144 (finding that an appeal from an order adopting a magistrate judge's recommendation to reduce attorney's fees was sufficient to confer jurisdiction over an appeal of the earlier order granting attorney's fees); Drinkwater v. Union Carbide Corp., 904 F.2d 853, 858 (3d Cir. 1990) (exercising jurisdiction because notice of appeal designating portions of summary judgment order on a discrimination claim were "inextricably meshed" with prior order dismissing a retaliation claim).

Phillips' notice of appeal only referenced the District Court's June 30 order addressing the damages relating to the contract claim. Even applying Rule 3 liberally,

7

Phillips has failed to satisfy the test for appellate jurisdiction.[2]  Phillips has not provided

any connection between the June 30 order and the earlier spoliation order.  In fact,

Phillips never even challenged the jury's findings of liability on the Title VII or contract

claim post-verdict or on appeal, thus possibly implicating evidentiary issues and her

motion for spoliation.  Additionally, there is no indication in the notice of appeal that

Phillips intended to appeal the spoliation motion or any evidentiary-related issue.

Therefore, even considering the liberal application of Rule 3, we conclude that there is no

appellate jurisdiction to review the District Court's denial of Phillips' spoliation motion

as Phillips did not provide a proper notice of appeal on this issue.

### III.

For the foregoing reasons, we will affirm District Court's denial of Phillips'

request for compensatory damages on her contract claim and dismiss her appeal with

regard to spoliation sanctions.

---

[2] Phillips argues that her brief served as the "functional equivalent" of notice to warrant appellate jurisdiction in accordance with Smith v. Barry, 502 U.S. 244 (1992).  The Supreme Court in Smith recognized that the Federal Rules of Appellate Procedure do "not preclude an appellate court from treating a filing styled as a brief as a notice of appeal [], if the filing is timely under Fed. R. App. P. 4, and conveys the information required by Fed. R. App. P. 3(c)."  Id. at 249.  Accordingly, key to allowing a brief to serve as the functional equivalent of a notice of appeal is that the non-appealing party is given notice within the time period for filing the notice of appeal.  Id. at 248.  Phillips, however, did not file her appellate brief within the time period for filing her notice of appeal.  Therefore, Phillips' argument that her brief can serve as the functional equivalent of a notice of appeal is rejected.