RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0152p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: JESSE E. JONES,

                *Petitioner.*

No. 12-1198

On Petition for Writ of Mandamus.
No. 2:08-cv-207—Timothy P. Greeley, Magistrate Judge.

Decided and Filed: May 25, 2012

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Jesse Jones petitions this Court for a writ of mandamus, asking us to compel the district court to rule on objections that he filed to district court orders granting summary judgment to the defendants. He also moves for leave to proceed in forma pauperis.

Jones, a Michigan inmate, filed a civil rights action pursuant to 42 U.S.C. § 1983 against a prison doctor and two registered nurses alleging retaliation and deliberate indifference to his serious medical needs. The district court first granted summary judgment to the nurses. Jones filed objections with the district court regarding this decision. Thereafter, the doctor and Jones filed cross-motions for summary judgment. The district court granted summary judgment to the doctor and entered a final judgment dismissing the case. Seven days later, Jones filed a second set of objections with the district court, this time challenging the grant of summary judgment to the doctor. Eight months later, Jones filed a mandamus petition with the district court seeking to compel the district court to rule on his objections. The district court did not construe the petition

1

as a motion for reconsideration and denied the petition. Jones now seeks mandamus relief before this Court.

"Mandamus relief is an extraordinary remedy, only infrequently utilized by this court." *In re Perrigo Co.*, 128 F.3d 430, 435 (6th Cir. 1997). Mandamus is "generally reserved for questions of unusual importance necessary to the economical and efficient administration of justice or important issues of first impression." *John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008) (internal quotation marks omitted). Jones must "demonstrate a clear abuse of discretion" by the district court in order to obtain mandamus relief. *Mallard v. U.S. Dist. Court,* 490 U.S. 296, 309 (1989) (internal quotation marks omitted).

We have established five elements that we use to determine whether or not a person is entitled to mandamus relief, *John B.*, 531 F.3d at 457 (citations and internal quotation marks omitted):

> In an effort to distinguish between errors that are merely reversible and not subject to mandamus, and those errors that are of such gravity that mandamus is proper, this court balances five factors. We examine whether: (1) the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems, or issues of law of first impression. These factors need not all be met, and some factors will often be balanced in opposition to each other.

The first two factors weigh heavily against Jones because another avenue is available for him to attain relief: Jones may challenge the district court's decision on direct appeal. Moreover, Jones has not shown that the district court erred, nor is this issue one of first impression. Therefore, Jones's request for mandamus relief is denied.

We note that Jones's objections, filed seven days after the district court's judgment, did not name this Court as required by Federal Rule of Appellate Procedure 3(c)(1)(C). However, that failure does not prevent us from construing these objections

as a notice of appeal because this Court is the only appellate forum available to Jones. *See Dillon v. United States*, 184 F.3d 556, 558 (6th Cir. 1999). The objections were filed within thirty days of the judgment and specify the parties involved in the appeal, thus meeting the requirements for a notice of appeal. Fed. R. App. P. 3(c); *Smith v. Barry*, 502 U.S. 244, 248-49 (1992).

We therefore direct the district court clerk to file Jones's objections, docketed in the district court on April 11, 2011, as a notice of appeal and then forward the notice to this Court for docketing.