**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6669**

DAVID LAWRENCE DIXON,

                Petitioner - Appellant,

      v.

DAVID BALLARD, Warden, Mount Olive Correctional Complex,

                Respondent - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:13-cv-07498)

Submitted: August 20, 2015          Decided: August 25, 2015

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David Lawrence Dixon, Appellant Pro Se. Scott E. Johnson, OFFICE OF THE ATTORNEY GENERAL, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lawrence Dixon seeks to appeal the district court's order adopting the recommendation of the magistrate judge and dismissing his 28 U.S.C. § 2254 (2012) petition as successive and the court's order denying his motion for reconsideration.[*] The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a

---

[*] We construe Dixon's informal brief as a timely notice of appeal from the underlying order. See Smith v. Barry, 502 U.S. 244, 248-49 (1992) (holding that appellate brief may serve as notice of appeal provided it otherwise complies with rules governing proper timing and substance). We also note that, although Dixon labeled his postjudgment motion as one under Fed. R. Civ. P. 60(b), it was filed within 28 days after entry of the underlying order. See Fed. R. Civ. P. 59(e).

debatable claim of the denial of a constitutional right.  <u>Slack</u>, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Dixon has not made the requisite showing.  Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>