NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2017[*]
Decided December 7, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1547

| | |
|---|---|
| BOBBY BROWN, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
|     *v.* | No. 15-4208 |
| | |
| GREG SCOTT, et al., | Joe Billy McDade, |
|     *Defendant-Appellees*. | *Judge*. |

**O R D E R**

Bobby Brown, a civil detainee at the Treatment and Detention Facility in Rushville, Illinois, raises two claims in this civil-rights action. First, he contends that staff members violated his right to due process in disciplining him for fighting a detainee. Second, Brown argues that, after the fight, staff should not have housed him in the same unit as the other detainee. The district court dismissed Brown's complaint at screening for failure to state a claim, *see* 28 U.S.C. § 1915A. Nothing that Brown alleges

---

[*] The appellees were not served with process in the district court and have not participated in this appeal. We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

suggests that he suffered a loss of liberty (a prerequisite to a due-process claim) when the staff disciplined him, or that any defendant was aware of any renewed threat of harm from housing Brown near the other detainee. Therefore we affirm the judgment.

Because the lawsuit was dismissed at screening, we accept Brown's factual allegations as true for the purposes of this appeal. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). As Brown left his room in December 2013, another detainee threw boiling hot coffee on his face. Brown responded by fighting his attacker. Prison officials placed Brown for two days in "temporary special management," which Brown calls segregation. *See* ILL. ADM. CODE tit. 59, §§ 299.650, 299.700 (2017). Then a disciplinary committee found Brown guilty of fighting. The committee did not consider video evidence that Brown says shows that he acted in self-defense. Brown received 30 days of "close status" and 90 days of wearing a small box between handcuffs when he was transported. "Close status" means that his curfew (the time when he must return to his room) started a half-hour earlier (at 9:30 p.m.); family visits were reduced from two hours to one; and he could not visit the yard, library, and exercise room. *See Miller v. Dobier*, 634 F.3d 412, 414 (7th Cir. 2011).

After the 30 days of close status ended, guards returned him to the same housing unit as the detainee who had thrown the coffee on him. Brown protested the housing assignment, but the disciplinary committee warned him not to object to his assignment. Brown asserts that while he was housed near his attacker, "[e]ach day and night" he "feared for his health and safety" because he didn't know "when the resident," who "has a very violent past," "may attack him again and cause more harm or even death."

The district court dismissed Brown's two claims. The judge rejected the claim that, by not giving Brown adequate notice of the charge of fighting and not watching the video, staff violated due process. The punishment of "close status," the judge ruled, did not trigger due-process protections because Brown suffered no material loss of liberty. And regarding the housing claim, the judge explained that a mere fear of assault is not actionable. The judge gave Brown a chance to amend his complaint, but Brown filed it too late. The judge did not excuse the delay and ended the case.

Before we analyze Brown's two claims, we pause to consider our jurisdiction. Brown filed a "notice of appeal" more than 30 days after the judge's final decision. But within 30 days of that decision, he filed a "Motion to Object" to the decision. Any document that contains all of the information that Federal Rule of Appellate Procedure 3(c)(1) requires may be treated as a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248

(1992). Rule 3(c)(1) requires that an appellant specify the party taking the appeal, designate the portion of the order or judgment being appealed, and name the court to which the appeal is taken. Brown's motion meets the first two requirements. It does not name our court, but that omission is not fatal: "When a party may appeal only to a certain court, we have recognized the validity of a notice of appeal that contains no mention whatsoever of the court to which the case is being taken." *Smith v. Grams*, 565 F.3d 1037, 1042 (7th Cir. 2009). Our jurisdiction is thus secure.

On to the merits. Brown first challenges the district court's decision to deem his amended complaint untimely. We need not evaluate that decision because even when we consider the allegations in his amended complaint, which we have included above, he loses. We review his two claims separately.

A plaintiff's right to due process is not violated if the plaintiff has not been deprived of a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 485–86 (1995). We have already held that a detainee placed in Rushville's "close status" does not lose liberty within the meaning of the Due Process Clause. *Miller*, 634 F.3d at 414–15. In *Miller* a detainee, like Brown, received 30 days of close status and, even worse than Brown, was required to wear the cuff-box during transport for a full year. We ruled that these conditions did not deprive the detainee of liberty because they did not lead to the "extremes of close confinement such as are encountered in segregation units." *Id.* (The two-day period that Davenport spent in segregation, the conditions of which he does not describe, was far too short to create any due-process concerns. *See Kevin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2013).)

Brown also does not state a constitutional claim based on his proximity to his attacker. When the state detains or commits someone, it must "provide some minimum level of well-being and safety." *Collignon v. Milwaukee Cty.*, 163 F.3d 982, 987 (7th Cir. 1998). But a detainee's subjective fear that a past attacker will strike again, where the attacker has not actually threated another attack, does not violate this norm. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). Brown has not suggested that the detainee who attacked him has threatened him again, much less that the defendants know about a renewed threat. If the defendants are not aware of a threatened attack, they cannot be liable for ignoring it. *Id.* All that Brown alleges is his fear, but fear alone, unlike the "reasonably preventable assault itself," does not give rise to a constitutional claim. *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996).

We thus AFFIRM the judgment of the district court.