**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1292**

MICHAEL BRACEY,

    Plaintiff - Appellant,

  v.

LANCASTER FOODS LLC,

    Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:17-cv-01826-RDB)

Argued: October 29, 2020        Decided: December 16, 2020

Before NIEMEYER, DIAZ, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished opinion. Judge Quattlebaum wrote the opinion, in which Judge Niemeyer and Judge Diaz joined.

**ARGUED:** Arinderjit (AJ) Dhali, DHALI PLLC, Washington, D.C., for Appellant. Julia Kim Whitelock, GORDON REES SCULLY MANSUKHANI, LLP, Alexandria, Virginia, for Appellee. **ON BRIEF:** Brian A. Scotti, GORDON REES SCULLY MANSUKHANI, LLP, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

QUATTLEBAUM, Circuit Judge:

Michael Bracey, a truck driver formerly employed by Lancaster Foods LLC, contends that the district court erred in compelling arbitration of his employment claims because he falls within an exception to the Federal Arbitration Act ("FAA"). Bracey, however, failed to raise this issue to the district court in response to Lancaster's motion to dismiss and compel arbitration. Instead, he only argued that the arbitration agreement was unconscionable. After the district court compelled arbitration, Bracey moved to reconsider, raising the applicability of the FAA for the first time. After reviewing the arguments of the parties, we agree with the district court that the arbitration agreement is not unconscionable. However, for the reasons set forth below, we conclude that we lack jurisdiction to address Bracey's remaining arguments. Accordingly, we affirm in part and dismiss in part.

I.

Bracey began working as a truck driver for Lancaster in 2008. After Bracey suffered an on-the-job injury, he and Lancaster disagreed about the restrictions on his work activities. Ultimately, Lancaster interpreted Bracey's position as a resignation, which it documented in a letter sent to Bracey in July 2015. In December 2015, Bracey filed a claim with the Equal Employment Opportunity Commission ("EEOC"). In February 2017, the EEOC notified Bracey of his right to sue, as the agency concluded that there was not reasonable cause to believe discrimination occurred.

Several months later, Bracey sued Lancaster in Maryland state court, asserting various employment claims. After removing the case to federal court, Lancaster moved to

2

dismiss and compel arbitration based on the terms of an Alternative Dispute Resolution Agreement ("ADRA") that Bracey signed when he was hired. By signing the ADRA, Bracey consented to arbitration of any employment-related claim and waived all rights he may otherwise have had to a trial.

Bracey opposed the motion arguing that the ADRA was unconscionable because it shortened all applicable statutes of limitation to one year. Several days later, although he had not previously raised this issue, Bracey's counsel emailed Lancaster's counsel, asking Lancaster to "withdraw [its] motion to compel arbitration on the grounds that Lancaster Foods is not covered by Section 1 of the FAA." J.A. 746. Bracey's counsel explained that Bracey fell within an exemption to the FAA because he was engaged in the movement of goods in interstate commerce. Bracey's counsel closed by stating that, if Lancaster refused to withdraw its motion, he would "very likely file a motion for a surreply" when he returned from a vacation. J.A. 746.

Lancaster's reply addressed Bracey's arguments on unconscionability, but not Bracey's counsel's email or the issue of Section 1 of the FAA. Bracey did not request leave to file a surreply or otherwise notify the district court of the argument that the FAA may not apply to the ADRA.

On March 30, 2018, the district court granted Lancaster's motion to dismiss and compel arbitration. The court held that the ADRA "was a contract of adhesion and procedurally unconscionable." J.A. 74. However, relying on well-settled precedent of this Court, it found that "the one year limitation is not substantively unconscionable . . . ." J.A. 80.

3

On April 26, 2018, Bracey moved to reconsider, raising for the first time with the district court the issue of whether Bracey's employment contract was exempt from the FAA. Couched as a Rule 60 motion, Bracey claimed that he had newly discovered evidence, which consisted of travel logs that demonstrated he traveled out of state while employed as a truck driver for Lancaster. That evidence, he asserts, established that he was a worker "engaged in foreign and interstate commerce," and thus exempt from the FAA's provisions. *See* 9 U.S.C. § 1. Additionally, Bracey argued that Lancaster deliberately misrepresented the nature of Bracey's job in its filings.

The following day, Bracey filed a notice of appeal of the March 30, 2018 order.

On March 12, 2019, the district court denied Bracey's motion to reconsider. Because it was filed within twenty-eight days of the order granting Lancaster's motion to dismiss, the district court analyzed the motion to reconsider under Rule 59(e). The court held that Bracey's travel logs were not newly discovered evidence and that Lancaster and its counsel did not engage in misconduct.

Bracey did not file a new notice of appeal or amend his prior notice of appeal after the district court denied his motion to reconsider.

## II.

Bracey raises three issues on appeal. First, he claims that the ADRA is unconscionable because it shortens the statute of limitations for any employment related claims to one year. Second, he contends that he is an interstate truck driver who is exempt

4

from arbitration under the FAA. Finally, he argues that Lancaster Foods engaged in misconduct in defense of this action.

Prior to addressing the merits of Bracey's appeal, however, we must satisfy ourselves that we have jurisdiction over these issues. There is no question about our jurisdiction to review the district court's decision concerning the unconscionability of the ADRA. Bracey filed a timely notice of appeal as to the order dismissing the complaint and finding the ADRA was not unconscionable. But after the district court denied his motion to reconsider, Bracey did not file a new notice of appeal or amend his prior notice. And because Bracey's second and third issues arise from the denial of his motion to reconsider, Lancaster contends we do not have jurisdiction over those issues.

A.

"If a party files a notice of appeal after the court announces or enters a judgment" but before the district court disposes of a timely motion to reconsider, the notice of appeal becomes effective "when the order disposing of the last [motion to reconsider] is entered." Fed. R. App. P. 4(a)(4)(B)(i). However, if a party intends also to challenge the district court's ruling on the Rule 59 or Rule 60 motion, he must file a new notice of appeal or amend the prior notice of appeal. Fed. R. App. P. 4(a)(4)(B)(ii). Our question is whether Bracey's failure to do either is a jurisdictional bar to our reaching the merits of the denial of the motion to reconsider.

Bracey offers three arguments in favor of jurisdiction. First, Bracey contends that the docketing statement that he submitted is the "functional equivalent" of a new or amended notice of appeal. In *Smith v. Barry*, the Supreme Court of the United States

5

instructed courts to liberally construe the requirements of Federal Rule of Appellate Procedure 3, which outlines the process for filing and serving a notice of appeal as well as the required contents of a notice of appeal. 502 U.S. 244, 248 (1992). *Smith* also provides that a filing—not directly captioned as a notice of appeal—can serve as the "functional equivalent" of a notice of appeal if it is filed within the applicable time period (i.e., 30 days from judgment in most cases). *Id.* Following that guidance, we have, in prior cases mostly involving *pro se* litigants, construed informal briefs or docketing statements as the "functional equivalent" of a new or amended notice of appeal. *See, e.g.*, *Young v. Butler*, 81 F.3d 153 (4th Cir. 1996).

The problem with Bracey's argument is that his docketing statement did not identify the order denying his motion to reconsider as the order being appealed. More specifically, he did not include that order where he was to indicate the "[d]ate of entry of order or judgment appealed." He did include the date of the ruling on his motion to reconsider—March 12, 2019—as the "[d]ate order entered disposing of any post-judgment motion." But Bracey failed to reference the date of that ruling as an order or judgment being appealed. Even liberally construing this document, we conclude that it does not adequately designate the order denying Bracey's motion to reconsider as "the judgment, order, or part thereof being appealed." *See* Fed. R. App. P. 3(c)(1)(B). Therefore, we cannot construe the docketing statement as the "functional equivalent" of a new or amended notice of appeal.

Second, Bracey argues that the deadline imposed by Federal Rule of Appellate Procedure 4(a)(4)(B)(ii) is a mandatory claims-processing rule and not a jurisdictional requirement. Therefore, Bracey contends that Lancaster forfeited the argument by not

6

objecting to the lack of a second or amended notice of appeal. In *Hamer v. Neighborhood Housing Services of Chicago*, the Supreme Court distinguished between jurisdictional requirements and mandatory claim-processing rules. 138 S. Ct. 13 (2017). There, the Court held that a "jurisdictional defect is not subject to waiver or forfeiture and may be raised at any time in the court of first instance and on direct appeal." *Id.* at 17 (internal footnote omitted). Mandatory claim-processing rules, however, are subject to the doctrines of waiver and forfeiture. *Id.* And importantly, the Court clarified that the distinction between jurisdictional rules and claim-processing rules lies in whether the relevant time prescription is found in a statute or simply in court rules. *Id.* at 21 ("Because Rule 4(a)(5)(C), not § 2107, limits the length of the extension granted here, the time prescription is not jurisdictional.").

Applying *Hamer*, the new or amended notice of appeal requirement in Federal Rule of Appellate Procedure 4(a)(4)(B)(ii) is grounded in a jurisdictional statute. 28 U.S.C. § 2107(a) provides, "[e]xcept as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after entry of such judgment, order or decree." Accordingly, we conclude that the requirement that a new or amended notice of appeal be filed within thirty days of an order disposing of a motion to reconsider is jurisdictional. While that requirement is found in Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), that Rule merely carries § 2107 into practice. *See Rochell v. City of Springdale Police Dep't*, 768 F. App'x 588, 590 (8th Cir. 2019) (concluding that an issue was not properly before the court because the appellant "did not file a new or amended

7

notice of appeal after the district court denied [a motion to reconsider]" (citing 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(4)(B)(ii); *Hamer*, 138 S. Ct. at 16–17)).

Bracey's final argument, that "once a federal claim is proper[l]y before this Court, [he] can raise any argument, at any time, in support of that claim," Appellant's Supp. Br. at 5 (Oct. 6, 2020), lacks merit. Essentially, Bracey argues that because he has contested the ADRA from the beginning of the case—albeit only on unconscionability grounds—he can make any argument against the enforceability of the ADRA at any time, including on appeal. That, of course, would upend our well-established rules of issue preservation, which we decline to do.

For these reasons, we lack jurisdiction to reach Bracey's second and third issues on appeal. Thus, the only issue properly before the Court is Bracey's argument that the ADRA is unconscionable.

B.

We now turn to the issue over which we do have jurisdiction: Bracey's argument that the ADRA is unconscionable. Based primarily on the provision of the ADRA shortening the statute of limitations period to one year, Bracey contends the district court erred in concluding the ADRA was not unconscionable. However, we addressed this issue in *In re Cotton Yarn Antitrust Litigation*, 505 F.3d 274 (4th Cir. 2007). There, we upheld an arbitration agreement with a one-year statute of limitations for a Sherman Act claim, which generally has a four-year limitations period. *Id.* at 288. We held "[a]s a general rule, statutory limitations periods may be shortened by agreement, so long as the limitations period is not unreasonably short" and the statute at issue does not prohibit a shortened

8

limitations period. *Id.* at 287. In reaching this decision, we explained that "[c]ourts have frequently found contractual limitations periods of one year (or less) to be reasonable." *Id.*

We see nothing in this record that would lead us to a different conclusion. While Bracey argues that it would be difficult to exhaust his claims before the EEOC prior to making a demand for arbitration, it is not entirely clear that administrative exhaustion would even be required when the parties contractually agree to resolve employment disputes in arbitration. *See Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1846 (2019) (holding that "Title VII's charge-filing instruction is not jurisdictional"). And Bracey has offered no authority that supports his argument that any difficulty here renders the ADRA substantively unconscionable. Accordingly, we agree with the district court that the ADRA is not unconscionable.

## III.

For the foregoing reasons, we dismiss this appeal in part and otherwise affirm the district court's order granting Lancaster's motion to dismiss and compel arbitration.

*AFFIRMED IN PART AND DISMISSED IN PART*