**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 22-2132

─────────────

RAVENGRACE MORI EL,

           Plaintiff - Appellant,

    v.

HSBC BANK,

           Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:22-cv-00716-LCB-LPA)

─────────────

Submitted:  January 25, 2023                                    Decided:  February 2, 2023

─────────────

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

RavenGrace Mori El, Appellant Pro Se.  Hilton Terry Hutchens, Jr., HUTCHENS LAW FIRM, Fayetteville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

RavenGrace Mori El appeals the district court's order adopting the magistrate judge's recommendation and dismissing El's complaint as barred by res judicata and the court's order denying El's Fed. R. Civ. P. 59(e) motion. We affirm in part and dismiss in part.

We "have an independent obligation to verify the existence of appellate jurisdiction, even in the absence of a jurisdictional challenge from one of the parties." *Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018) (internal quotation marks omitted). The district court entered judgment dismissing El's complaint on September 29, 2022, and denied El's Rule 59(e) motion on October 28, 2022. Because El's Rule 59(e) motion was still pending when she filed her notice of appeal, El's notice of appeal of the underlying judgment became effective when the court denied that motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i). El, however, did not file a new or amended notice of appeal after the court's denial of her Rule 59(e) motion, as required by Fed. R. App. P. 4(a)(4)(B)(ii). Although El listed the Rule 59(e) order in her informal brief, and an informal brief may serve as a notice of appeal if it otherwise complies with the rules governing proper timing and substance, *see Smith v. Barry*, 502 U.S. 244, 248-49 (1992), El filed her informal brief on December 1, 2022—three days after the expiration of the 30-day appeal period applicable to the order denying her motion for reconsideration.[*] Because El did not seek an extension or

---

[*] Because the thirtieth day, November 27, 2022, was a Sunday, El had until Monday, November 28, 2022, to file a timely notice of appeal from the denial of the Rule 59(e) motion. *See* Fed. R. App. P. 26(a)(1)(C).

2

reopening of the appeal period, *see* Fed. R. App. P. 4(a)(5), (6), her appeal is untimely as to the court's denial of her Rule 59(e) motion.  We therefore dismiss this portion of the appeal for lack of jurisdiction.

Turning to El's timely appeal of the district court's judgment dismissing her complaint based on res judicata, we have reviewed the record and find no reversible error. Accordingly, we affirm this portion of the appeal for the reasons stated by the district court. *El v. HSBC Bank*, No. 1:22-cv-00716-LCB-LPA (M.D.N.C. Sept. 29, 2022).  We grant El's motion to file a supplemental brief and deny her motion for injunctive relief pending appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART*,
*DISMISSED IN PART*