21-2619-cr
*United States v. Jackson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of March, two thousand twenty-three.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            JOSEPH F. BIANCO,
                    *Circuit Judge.*

UNITED STATES OF AMERICA,

                    *Appellee,*                    21-2619-cr

            v.

DEJON JACKSON, AKA WINGY,

                    *Defendant-Appellant.*

FOR APPELLEE:                          Daniel C. Richenthal, Jennifer N. Ong, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:               James M. Branden, Law Office of James M. Branden, Staten Island, NY.

        Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered on October 12, 2021, be and hereby is **AFFIRMED**.

Defendant-Appellant Dejon Jackson appeals from a judgment of conviction, in which he was sentenced principally to a 42-month term of imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the District Court's sentence was substantively unreasonable.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We employ the "deferential abuse-of-discretion standard" to review a sentence for substantive reasonableness, *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), and will vacate only in "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions,'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)), such as when the sentence is "'shockingly high, shockingly low, or otherwise['] . . . would 'damage the administration of justice,'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *Rigas*, 583 F.3d at 123).

On appeal, Jackson contends that his 42-month sentence—9 months above the upper end of the advisory Guidelines range—is substantively unreasonable on several grounds: (1) "the . . . offense . . . was garden variety with no exacerbating circumstances," Appellant Br. 12; (2) his "personal history, . . . among federal offenders, was undistinguished," *id.*; (3) "a term of imprisonment above the minimum but still within the guidelines could have accommodated" the District Court's concern about Jackson's "custodial infractions and supervision violations," *id.* at 13; (4) "it appears that the only reason the court sentenced Mr. Jackson above the guidelines was because of its mere belief . . . that the firearm guideline (USSG §2K2.1) itself was too lenient," *id.* at 13–14.

Upon review of the record, we cannot conclude that Jackson's sentence is "'shockingly high . . . or otherwise['] . . . would 'damage the administration of justice.'" *Broxmeyer*, 699 F.3d at 289 (quoting *Rigas*, 583 F.3d at 123). The District Court appropriately considered the full range of § 3553(a) factors, including circumstances such as Jackson's difficult childhood, App'x 81–82, Jackson's remorse, *id.* at 84, and his harder-than-usual COVID-19 conditions of confinement, *id.* at 85, as well as the need to avoid unwarranted sentencing disparities, *id.* At the same time, Judge Seibel noted that Jackson's offense was "incredibly dangerous to the community," *id.* at 78, that he

---

[1] Insofar as Jackson seeks to appeal a consecutive 12-month term of imprisonment imposed at the same time for violating the terms of his supervised release on a previous § 922(g) conviction based on the same underlying conduct, we lack jurisdiction to review that challenge because Jackson failed to notice that judgment for review by this court. *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must: . . . designate the judgment—or the appealable order—from which the appeal is taken."); *see also United States v. Caltabiano*, 871 F.3d 210, 215 (2d Cir. 2017) ("[Fed. R. App. P. 3(c)(1)(B)] is 'jurisdictional in nature' and not waivable." (quoting *Smith v. Barry*, 502 U.S. 244, 248 (1992))).

2

had an "awful record," *id.* at 79, and that "[t]he sentences the defendant's gotten so far have not deterred him," *id.* at 84, therefore clearly considering "the need for the sentence imposed to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant," § 3553(a)(2)(B), (C). Because the relative weight afforded to aggravating and mitigating factors is "firmly committed" to a district court's discretion and our role is limited to assessing if "a factor 'can bear the weight assigned it under the totality of the circumstances in the case,'" *Broxmeyer*, 699 F.3d at 289 (quoting *Cavera*, 550 F.3d at 191), we reject Jackson's argument that his sentence was substantively unreasonable.

Moreover, contrary to Jackson's suggestion on appeal, "a district court *may* vary from the Guidelines range based solely on a policy disagreement with the Guidelines, even where that disagreement applies to a wide class of offenders or offenses." *Cavera*, 550 F.3d at 191 (emphasis added) (citing *Kimbrough v. United States*, 552 U.S. 85, 108–10 (2007)). Thus, the District Court did not abuse its wide discretion in basing its above-Guidelines sentence in part on such a disagreement, particularly given its careful analysis of the § 3553(a) factors. *See Gall*, 552 U.S. at 51 ("When conducting [a substantive reasonableness] review, the court will, of course, take into account the totality of the circumstances.").

## CONCLUSION

We have reviewed the remaining arguments raised by Jackson on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk