**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-6232**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

      v.

LORENE CHITTENDEN,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, Senior District Judge. (1:12-cr-00394-AJT-4)

───────────

Submitted:  June 16, 2025                    Decided:  June 26, 2025

───────────

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────

Lorene Chittenden, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorene Chittenden appeals the district court's order granting in part and denying in part her motion requesting the district court to direct the Government to remit specified funds to Kentucky state tax authorities (the "March 13, 2025, order"). Chittenden also seeks to appeal the underlying restitution order in her criminal case.[*] We deny Chittenden's motion for appointment of counsel and, for the reasons that follow, affirm in part and dismiss in part.

With respect to the March 13, 2025, order, we confine our review to the issues raised in the informal briefs. *See* 4th Cir. R. 34(b). Because Chittenden's informal brief does not challenge the basis for the district court's disposition, she has forfeited appellate review of the March 13, 2025, order. *See Jackson*, 775 F.3d at 177 ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we affirm the district court's order. *United States v. Chittenden*, No. 1:12-cr-00394-AJT-4 (E.D. Va. Mar. 13, 2025).

Turning to the restitution order, a defendant in a criminal case must file the notice of appeal within 14 days after the entry of the judgment or order appealed. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal.

---

[*] Although Chittenden did not designate the restitution order in her notice of appeal, we liberally construe her informal brief as the functional equivalent of a notice of appeal from that order. *See Smith v. Barry*, 502 U.S. 244, 247-49 (1992); *Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014).

2

Fed. R. App. P. 4(b)(4). Because the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), we generally decline to dismiss an untimely criminal appeal where, as here, the Government has not moved to dismiss the untimely appeal, *United States v. Oliver*, 878 F.3d 120, 129 (4th Cir. 2017). However, when adjudicating an untimely criminal appeal "would significantly implicate the efficiency and integrity of the judicial process," *id.* at 127, we may exercise our inherent authority to dismiss the appeal sua sponte, *id.* at 128-29.

The district court entered its postjudgment restitution order on March 9, 2015. Chittenden noted her current appeal of that order on May 9, 2025, more than 10 years out of time. Because Chittenden failed to file a timely notice of appeal or to obtain an extension of the appeal period, the appeal is untimely. Although the Government has not invoked the appeal's untimeliness, we conclude that this portion of the appeal presents circumstances we previously have recognized as warranting sua sponte dismissal. *See id.* We therefore dismiss Chittenden's appeal of the restitution order as untimely.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3